JOHN P. BRONK AND FREDERICK BRONK, *Appellants,* v. LILLIE L. P. BRONK, *Appellee.*

A defendant against whom writs of *ne exeat* and of injunction have issued, who escapes from custody and in defiance of the court remains beyond its jurisdiction where it is powerless to enforce either writ of *ne exeat* or injunction, will not be heard upon appeal to question the correctness of the action of the lower court in granting the writs.

This case was decided by the court *En Banc.*

Appeal from Circuit Court for Volusia county.

The facts in the case are stated in the opinion of the court.

*Isaac A. Stewart, Jas. W. Perkins* (with whom was *Egford Bly* on the brief) for appellants.

*Jas. D. Beggs, F. W. Marsh* and *Geo. B. Perkins* for appellee.

PER CURIAM.—On April 19th, 1901, appellee filed a bill in the Circuit Court of Volusia county against appellants, praying for maintenance, alimony and a writ of *ne exeat* against her husband, John P. Bronk, and an injunction against the fraudulent disposition of the property of John P. Bronk by him and his son, Frederick Bronk. A writ of *ne exeat* was allowed against John P. Bronk and he was taken into the custody of the sheriff on his failure to file the bond required, and an injunction was granted against the fraudulent disposition of the property of John P. Bronk by him and his son. John P. Bronk moved for a dissolution of the writs of *ne exeat* and injunction, and Frederick Bronk demurred to the bill. On a hearing of the motion and demurrer the court refused the motion and overruled the

demurrer. An appeal was taken by appellants to this court from the orders of the judge below.

A motion was made to dismiss the appeal as to John P. Bronk on the ground, first, that John P. Bronk is in contempt of the process of the court below, the issuance of which he is, in this cause, appealing from; second, that the said John P. Bronk, by his escape from the custody of the sheriff of Volusia county, who held him under process in this case herein appealed from, and his flight without the State of Florida, can not be heard to complain of the order for the issuance of such process.

The appellee further moved this court to dismiss the following assignments of error of said appellant John P. Bronk, and strike the same from the files of this court, and to refuse to entertain the same, for the following reasons: The 1st, 2nd, 3rd, 6th and 7th assignments, for the reasons assigned as a cause for dismissing the appeal. The fifth assignment because it was shown on and by the record that said appellant has no interest in the order, and said appellant did not join in the demurrer, and has no appealable rights involved therein.

The motion was supported by the sworn return of the sheriff showing that John P. Bronk, "who had been taken into his custody under the writ of *ne exeat,* had escaped therefrom and had withdrawn himself from the jurisdiction of the court.

On hearing, the court declined to dismiss the appeal of John P. Bronk, but continued that part of the motion relating to striking or refusing to entertain the assignments of error until the final hearing. The following are the assignments of error of John P. Bronk: 1. The court erred in its order and decree of April 19th, 1901, granting a writ of *ne exeat.*

2. The court erred in granting writ of *ne exeat* without requiring bond of complainant, and without permitting defendant to be heard as to the ability of complainant to give bond.

3. The court erred in granting writ of *ne exeat* prior to any decree awarding alimony.

4. The court erred in its order of April 19th, 1901, granting temporary injunction against appellant.

5. The court erred in overruling the demurrer of Frederick Bronk to the bill of complaint.

6. The court erred in denying defendant's motion to dissolve the injunction and quash the writ of *ne exeat.*

7. The court erred in its order and decree of April 12, 1901, denying defendant's motion to dissolve the injunction and quash the writ of *ne exeat,* and remanding defendant to the custody of the sheriff.

This case having been reached for final disposition, it now appears by another sworn return of the sheriff that John P. Bronk has not returned to his custody, and is now out of the jurisdiction of this court. The appellant having, since he took this appeal, voluntarily placed himself in contempt of the orders of the court below, and having gone beyond the jurisdiction of this court so that no order or decree it might make in the premises could be personally enforced against him, we are confronted with the question whether he has a right to a hearing on questions based on the injunction and *ne exeat* orders. Doubtless the general rule is that a party is not deprived of any strict legal right to be heard by placing himself in contempt of the court, especially if there be other means available by which the court may enforce its orders. *Hovey v. Elliott,* 167 U. S. 409, text 428, 17 Supt. Ct. Rep. 841, and cases there cited. But the right to be heard upon appeal or writ of error has not been held to be one which a party can not deprive himself of by his voluntary act of putting himself in contempt of the court by escaping from custody and evading the power and process of the law and the courts. It is distinctly held in the above cited case, on pages 443 and 444, that such a question was not involved in that suit. In this State it is decided that an appellate court will refuse to hear a criminal case on writ of error, where the plaintiff in error

has escaped, and is not within the control of the court below, either actually by being in custody, or constructively by being out on bail. *Woodson v. State,* 19 Fla. 549. This case has been repeatedly followed in this court. The principle of those cases applies here. The court will not, at the instance of the appellant, determine the correctness of the action of the lower court in issuing the injunction and writ of *no exeat* and render a decree therein while the appellant in defiance of the court and of its writs, remains beyond its jurisdiction and renders it powerless to enforce any decree upon this feature of the case which it might render. In the case of *State v. Ackerson,* 25 N. J. L. 209, the defendant had been arrested on a *capias,* and had suffered himself to be rescued, and had escaped from custody, it was held·that he was in contempt and had no standing in the court whose process he resisted and whose authority he contemns, and is not entitled to be relieved by that court and that the appellate court would not interfere in a cause where the court below ought not and would not. *Freese v. Swayze,* 26 N. J. Eq. 437; *Mussina v. Bartlett,* 8 Porter (Ala.) 227; *People v. Horton,* 46 Ill. App. 434, text 438. Governed by these views we decline to entertain and hear the assignments of error of John P. Bronk, numbered 1, 2, 3, 6 and 7.

After the filing of the record here appellee suggested a diminution of the record and prayed for a certiorari to bring up a certain record of the Circuit Court of Volusia county, *viz*: the record in the case of *John P. Bronk v. Annie T. Bronk,* containing the proceedings in a divorce suit between John P. Bronk and a former wife, which record was used in evidence before the judge below when he passed upon the questions presented by this appeal. This court granted the certiorari on the authority of *Caro v. The Pensacola City Company,* 19 Fla. 766. In obedience to the writ the judge below has certified that said record was used as evidence before him when he made the orders appealed from, and a copy thereof is here. A motion is now pending here on the part of appellants to strike this record

on various grounds, none of which are tenable. We therefore refuse to grant this motion.

These rulings dispose of, all pending motions.

All the Justices concur.