DOWNEY, Judge.
This is an appeal by the husband from a final judgment of dissolution entered February 27, 1973, wherein the trial court awarded the wife lump sum and periodic alimony and custody of the two minor children of the parties and child support. The husband complains of the award of lump sum and periodic alimony and the award of custody of one of the children.
The final judgment was not superseded. On May 13, 1974, the trial court found the husband in contempt for failure to pay $2,150.00 in alimony, $105.00 child support and $500.00 attorney’s fees, and sentenced him to 90 days in the Orange County jail. Leave to purge himself of contempt was given the husband by paying $2,755.00 prior to May 20, 1974. If he failed to purge himself of contempt in said time he was ordered to report on May 20, 1974 to the Sheriff of Orange County for confinement to serve said sentence.
The wife has filed a motion to dismiss this appeal on the ground that the husband, appellant, stands in contempt of the trial court for failure to comply with the aforesaid order of May 13, 1974. Said motion has been supported by an affidavit of the appellee that no part of the sums ordered to be paid has in fact been paid, and an affidavit of the Sheriff of Orange County that appellant has failed to report to him for confinement in accordance with the court’s order of May 13, 1974. A certificate of the Clerk of the Circuit Court of Orange County has also been filed showing that as of June 21, 1974, no payments have been received from appellant pursuant to the final judgment.
In an almost identical situation it was held in Morris v. Rabara, Fla.App.1962, 145 So.2d 265:
“. . . where the record establishes the fact that the appellant has been adjudged in contempt for disobeying an order of the trial court in the cause appealed from, that then the appellate court may, in the exercise of its judicial discretion, dismiss the appeal. This court will not be required, at the instance of the appellant, to determine the correctness of the action of the lower court, while the appellant, in defiance of the court, wilfully refused, without just cause, to abide by the trial court’s order. It is contrary to the principles of justice to permit one who has flaunted the orders of the courts to demand judicial assistance. An appellate court is authorized to enforce an order made by the lower court and which has been violated by a party to the proceedings.”
Accordingly, the motion to dismiss will be granted and an order will be entered that this appeal be dismissed unless it shall be made to appear to this court, on or before 15 days from the date of the filing of this opinion, that the appellant has either purged himself of contempt or is in the custody of the Sheriff of Orange County.
OWEN, C. J., and CROSS, J., concur.