343 So.2d 595 (1977)
Joseph GAZIL, Petitioner,
v.
Norma GAZIL, Respondent.
No. 47628.
Supreme Court of Florida.
January 27, 1977.
J. Ralph Mabie, Mabie & Donaldson, West Palm Beach, Charles W. Musgrove, Tallahassee, and William S. Turnbull and Arthur R. Louv, Young, Turnbull & Linscott, Orlando, for petitioner.
John A. Gentry, III, Moyle, Gentry, Jones, Flanigan & Groner, West Palm Beach, and Edward F. O'Connor, O'Connor, Baylor, Callas & Elliott, Palm Beach, for respondent.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, Fourth District (Gazil v. Gazil, 313 So.2d 484, (opinion filed January 30, 1975)), which allegedly conflicts with a prior decision of this Court (Bronk v. Bronk, 46 Fla. 474, 35 So. 870 (1903)), on the same point of law. Article V, Section 3(b)(3), Florida Constitution.
*596 In March 1974, a final judgment of dissolution of marriage was entered, and on April 1, 1974, petitioner timely filed a notice of appeal seeking to challenge various financial rulings in the final judgment.
Subsequently, in May and September 1974, after the notice of appeal was filed, the trial court entered supplemental orders awarding temporary alimony pending appeal and court costs and attorneys' fees to respondent. In November 1974 and January 1975, petitioner was adjudged by the trial judge to be in contempt for failure to pay costs, attorneys' fees and temporary alimony under the supplemental orders. Respondent filed a motion to dismiss the appeal on January 27, 1975, setting out these matters and suggesting that petitioner was a fugitive from justice. The cause was argued on the merits before the appellate court on January 28, 1975, at which time the court also heard argument on respondent's motion. The order of dismissal which petitioner now attacks was entered on January 30, 1975.
The Constitution of Florida creates the right to appeal. As said in Willey v. W.J. Hoggson Corporation, 89 Fla. 446, 105 So. 126 (1925):
"While the Constitution provides that `the Supreme Court shall have appellate jurisdiction in all cases at law and in equity originating in circuit courts,' the statutes regulate the appellate processes and procedure and the stages in a cause at which and the time within which the appropriate appellate process and procedure may be utilized; but such statutory regulations and the appellate procedure had under the regulations cannot legally be used to impair the right to invoke the appellate jurisdiction conferred upon the Supreme Court by the Constitution or to obstruct the powers of the court to make its appellate jurisdiction effective." (Emphasis supplied.) At p. 128.
The question before the Court is whether an appeal can be dismissed for the appellant's disobedience of an order of the trial court.
In an Annotation, 49 A.L.R.2d 1425 (1956), the following appears:
"In contrast with the relative clarity of the law with respect to the permissibility of the dismissal of an appeal where the appellant has disobeyed an order of the appellate court, there is considerable judicial disagreement as to whether an appeal can be dismissed for the appellant's disobedience of an order of the trial court... . the reader will note that there are not only interjurisdictional conflicts, but also  in California, Florida, Illinois  apparent intrajurisdictional conflicts in the decisions." At 1429.
* * * * * *
"The question whether an appellate court may dismiss the appeal for the appellant's failure to obey a trial court's order has been before the Florida courts in two cases, the results in which are diametrically opposed." At 1438.
The Florida cases referred to in the Annotation are Bronk v. Bronk, supra, and Palmer v. Palmer, 28 Fla. 295, 9 So. 657 (1891). The annotator points out that the opinion in Bronk, supra, contains no reference to Palmer, and the inconsistency is at least superficial.
In Bronk writs of ne exeat and injunction were issued against a defendant who then escaped from custody and finally remained beyond the court's jurisdiction, so that the trial court was powerless to enforce the writs. The appellate court refused to hear an appeal on the question of granting the ne exeat writ, saying:
"The appellant having, since he took this appeal, voluntarily placed himself in contempt of the orders of the court below, and having gone beyond the jurisdiction of this court, so that no order or decree it might make in the premises could be personally enforced against him, we are confronted with the question whether he has a right to a hearing on questions based on the injunction and ne exeat orders. Doubtless the general rule is that a party is not deprived of any strict legal right to be heard by placing himself in contempt of the court, especially if there be other *597 means available by which the court may enforce its orders. ... Governed by these views, we decline to entertain and hear the assignments of error of John P. Bronk numbered 1, 2, 3, 6, and 7." (Emphasis supplied.) 35 So. 870, at 871.
The assignments of error referred to in the opinion related to the writ of ne exeat. The Court did not refuse to entertain assignment of error number 4, relating to the granting of the temporary injunction, and assignment of error number 5, relating to an order on the pleadings. In other words, the Court held that the entire appeal should not be dismissed.
In Bronk, supra, the Court held that a party in contempt is not deprived of his right to be heard, if there are other means available to enforce the Court's order. Where one absconds from the jurisdiction, of course, there is no way for the Court to enforce its order, and an appeal could properly be dismissed. But even in Bronk the Court retained jurisdiction of the case so that other matters unrelated to the contempt could be considered.
In Morris v. Rabara, 145 So.2d 265 (Fla. 2d DCA 1962), it appeared that the appellant had disobeyed an order of the trial court. The appellate court in granting relief said:
"The motion of the appellee will be granted, and an order will be entered that this appeal be dismissed unless it shall be made to appear to this court, on or before thirty (30) days from the date of the filing of this opinion, that the appellant has either purged himself of his contempt or is in the custody of the Sheriff of Palm Beach County." At 267.
Durham v. Durham, 297 So.2d 857 (Fla. 4th DCA 1974), involved a situation where the appellant had been adjudged in contempt for failure to comply with an order of the trial court. In granting the motion to dismiss, the court said:
"Accordingly, the motion to dismiss will be granted and an order will be entered that this appeal be dismissed unless it shall be made to appear to this court, on or before 15 days from the date of the filing of this opinion, that the appellant has either purged himself of contempt or is in the custody of the Sheriff of Orange County." At 858.
From these decisions it appears the rule in Florida is as follows: Where the appellant has disobeyed an order of the trial court, the appellate court may, in its discretion, either entertain or dismiss an appeal. However, where a dismissal is ordered it is mandatory that the disobedient appellant must be given a period of grace, prior to the effective date of the dismissal, in which to comply with the disobeyed order.
The order of the District Court of Appeal in the case sub judice conflicts with these decisions in that petitioner was not given an opportunity to purge himself so that he could be heard on the merits of the appeal.
If an appellant husband absconds, the situation would be quite different and there would be no need to allow a period of time within which he could purge himself and be heard on appeal. If the contempt is for nonpayment of money, he should be given an opportunity to purge himself so that he could be heard on the merits of the case.
The decision of the District Court of Appeal is quashed and the cause remanded for further proceeding in accordance with the views expressed in this opinion.
It is so ordered.
OVERTON, C.J., and SUNDBERG and HATCHETT, JJ., concur.
ROBERTS (Retired), J., concurs specially with an opinion, with which ADKINS and HATCHETT, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion.
ENGLAND, J., dissents.
ROBERTS, Justice (Retired), concurring specially.
In this case, it is noteworthy that the trial court faced the issue and made a finding *598 of fact that the husband was able financially to pay the sums ordered and, in effect, that his failure to do so was in defiance of the trial court. For that reason, I concur with the decision in this case. We are not here concerned with the case where the husband is, after due diligence, unable to make the payments ordered because of his indigency. In such an event, to deny him his right to appeal would, in my opinion, be a deprivation of a constitutional right under both the Constitution of Florida and the Constitution of the United States. Before dismissing for failure to comply, it is necessary that the trial court make a specific finding that the appellant is able to pay and deliberately refuses to pay which Order is reviewable by the reviewing court on any motion to dismiss appeal for such failure. During such appeal, however, the minor children would not be without remedy because of their right under F.A.R. 3.8(b) which provides adequate judicial machinery to impose and enforce a reasonable allowance within the ability of the parent to pay.
ADKINS and HATCHETT, JJ., concur.
BOYD, Justice, concurring in part and dissenting in part.
I concur in the majority opinion requiring the decision of the District Court of Appeal to be quashed in order that petitioner be allowed a reasonable time to purge himself of the contempt incurred through disobedience of the trial court order.
I respectfully dissent to the majority's authorization of dismissal of an appeal in its entirety on the ground that the appellant may be guilty of contempt of court by failure to comply with a trial court order under review. The very basis of appeal in many instances is inability of a litigant to comply with the order appealed. Often, matters not directly pertaining to the contempt are before the appellate court and justice requires proper disposition of them.
The Florida Constitution gives to every litigant the right to appeal and vests the District Courts of Appeal with jurisdiction of appeals taken as a matter of right. Article V, Section 4(b)(1), Florida Constitution.
Those who demonstrate contempt for any court should be punished or allowed to purge themselves, but no provision of the Constitution of this State authorizes dismissal of appeals because of contempt in the trial court. Appellate review should be denied only upon the grounds traditionally recognized, such as, being frivolous, without merit, or not within the jurisdiction of the court.