400 So.2d 90 (1981)
Philip KEIDAISH, Appellant,
v.
Jim SMITH, Attorney General, Appellee.
Nos. 80-1765, 80-2000.
District Court of Appeal of Florida, Second District.
June 3, 1981.
Rehearing Denied June 30, 1981.
*91 Dale Gardner Jacobs and Ernest M. Jones, Jr. of Jacobs, Valentine, Groseclose & Miller, P.A., Lakeland, for appellant.
Jim Smith, Atty. Gen., and Gary L. Conover and David K. Miller, Asst. Attys. Gen., Tallahassee, for appellee.
PER CURIAM.
This is an appeal from the denial of a motion to quash an ex parte nonfinal order entered in a forfeiture proceeding under the Florida RICO (Racketeer Influenced and Corrupt Organization) Act. The order restrained appellant from transferring or disposing of any assets other than in the normal course of legitimate business or for day-to-day living expenses.
The attorney general filed a motion to dismiss the appeal in which he alleged that the court had estreated appellant's bond because of his failure to appear in the RICO criminal proceedings filed against him and that appellant had violated the terms of the order which he is seeking to set aside in this appeal. This court appointed Circuit Judge William A. Norris as a commissioner to determine whether appellant is in violation of the temporary injunction. Following a hearing, Judge Norris filed his report in which he concluded that appellant has fled the jurisdiction of the court and has violated the temporary injunction in many particulars by transferring specifically described valuable properties and large sums of money to various parties. Upon receiving this report, we have decided to grant the attorney general's motion to dismiss.
Where an appellant has disobeyed an order of the trial court, the appellate court may, in its discretion, dismiss the appeal. Gazil v. Gazil, 343 So.2d 595 (Fla. 1977). The grace period prior to dismissal referred to in Gazil is inapplicable here because appellant has fled the jurisdiction and has already placed the assets and money beyond his control. This court will not entertain a person's appeal from an order which he has wilfully flaunted. Appellant's attorneys' contention that their client's derelictions should not affect his right to complain about that portion of the order which refused to dissolve a lis pendens is without merit.
APPEAL DISMISSED.
BOARDMAN, Acting C.J., and GRIMES and OTT, JJ., concur.