401 So.2d 925 (1981)
Theodore J. DeLISI, Appellant,
v.
Jim SMITH, Attorney General, Appellee.
No. 80-1916.
District Court of Appeal of Florida, Second District.
July 29, 1981.
*926 A.J. Barranco, Jr., and Steven Kellough of Law Offices of A.J. Barranco, Jr., P.A., Miami, and Michael H. Bloom, Coconut Grove, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary L. Conover, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This is a case of first impression involving the forfeiture aspects of the Florida RICO (Racketeer Influenced and Corrupt Organization) Act.
On June 25, 1980, the state filed an information in Hardee County against appellant and others alleging violations of the RICO Act. Three days later, the attorney general filed a civil action in Hardee County for forfeiture, injunction and other relief against the same persons. The complaint, as it related to appellant, alleged that he had planned and participated in several large airplane importations of cannabis into Florida which constituted violations of the RICO Act. The complaint also included the following allegations:
27. Defendants owned or acquired, and therefore presently own, hold, or claim title to or an interest in, real and personal property, including money, that was used in the course of, or intended for use in the course of the activities described in Paragraphs 16 through 26, above.
28. Defendants have acquired, and presently own, hold, or claim title to or an interest in, real and personal property, including money, that was derived from or realized through the activities described in Paragraphs 16 through 26, above.
29. Defendants have used or invested proceeds derived, directly or indirectly, from the activities described in Paragraphs 16 through 26, above, to acquire title to, or a right, interest, or equity in real property.
30. Defendants have used or invested proceeds derived, directly or indirectly, from the activities described in Paragraphs 16 through 26, above, to establish or operate various enterprises as defined in Section 943.461(3), Fla. Stat. (1979).
The complaint sought, among other things, the forfeiture "of all property and other things of value, real or personal, including money, used in the course of, intended for *927 use in the course of, derived from, or realized through, conduct in violation of the RICO Act."
On the day he filed the complaint, the attorney general also filed an ex parte application for preliminary relief. Pursuant to the application, the court entered an order requiring all the defendants to submit a list of their property and directing them
to refrain from disposing of, transferring, assigning, relocating, dissipating or otherwise altering the status of any of their properties without prior approval of the Court, except that Defendants are permitted to make normal disbursements from the accounts of their lawful business interests (corporate, partnership, joint venture or sole proprietorship) for the normal daily operation of such business interests, and to make normal disbursements for day to day living expenses.
Appellant filed a motion to quash this temporary injunction. Following a hearing, the court vacated the reporting requirements of its order but declined to disturb the prohibition against the transfer of assets. Pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B), appellant now seeks review of this denial.
Those portions of the RICO statute pertinent to our consideration are as follows:
(2) All property, real or personal, including money, used in the course of, intended for use in the course of, derived from, or realized through, conduct in violation of a provision of ss. 943.46-943.464 is subject to civil forfeiture to the state. The state shall dispose of all forfeited property as soon as commercially feasible. If property is not exercisable or transferable for value by the state, it shall expire. All forfeitures or dispositions under this section shall be made with due provision for the rights of innocent persons. The proceeds realized from such forfeiture and disposition shall be promptly deposited in the treasury of the state and immediately credited to the General Revenue Fund of the state.
... .
(5) The Department of Legal Affairs, any State Attorney, or any state agency having jurisdiction over conduct in violation of a provision of this act may institute civil proceedings under this section. In any action brought under this section, the circuit court shall proceed as soon as practicable to the hearing and determination. Pending final determination, the circuit court may at any time enter such injunctions, prohibitions, or restraining orders, or take such actions, including the acceptance of satisfactory performance bonds, as the court may deem proper.
Appellant makes a broad-ranging attack upon the proceedings below, but he primarily contends that the state failed to demonstrate an evidentiary basis for the temporary injunction. He points out that although he has been restrained from disposing of any property, the attorney general has not made a showing of which of his property comes within the purview of the forfeiture statute. Since he did not appeal the original temporary injunction but filed a motion to quash instead, we will direct our attention to the propriety of the order entered in response to that motion.
There was no evidence presented by either side at the hearing. After appellant's attorney made a legal argument directed to deficiencies in the injunction, the following colloquy occurred between him and the court:
THE COURT: Just a second, sir, you're asking me to determine that Judge Green's order was improperly entered I assume?
MR. KELLOUGH: Yes, sir.
THE COURT: No, sir, I'm not going to do that. If you're asking me to sit as an appellate court on Judge Green 
MR. KELLOUGH: I'm asking you to quash it.
THE COURT: No, sir, denied.
Thus, in the present posture of the case, the attorney general continues to have the benefit of a temporary injunction without ever having presented any testimony in support thereof. At the time of the hearing, Florida *928 Rule of Civil Procedure 1.610 pertaining to injunctions stated in pertinent part:
(c) Motion to Dissolve. Any party against whom an injunction has been granted may move to dissolve it at any time.
(d) Evidence. Either party may present evidence at any hearing on an application for or motion to dissolve an injunction. On hearing the court may grant, dissolve or continue the injunction or may require bond.
The rule did not indicate who has the burden of presenting evidence.[1] However, it is well settled that a temporary injunction is an extraordinary remedy which a court should grant only after the movant has proven sufficient facts entitling it to relief. Dania Jai Alai International, Inc. v. Murua, 375 So.2d 57 (Fla.4th DCA 1979); Jennings v. Perrine Fish Market, Inc., 360 So.2d 434 (Fla.3d DCA 1978); Bemas Corporation v. City of Jacksonville, 298 So.2d 467 (Fla.1st DCA 1974). Therefore, it follows that at the first hearing directed toward the propriety of such an ex parte order, the burden must fall upon the party seeking to support the order.[2]
Accordingly, we reverse the order denying the motion to quash. However, because of the novelty of the RICO Act and because of the irreparable harm which might result if we were to vacate the temporary injunction at this time, we have chosen to leave it intact and remand the case for an evidentiary hearing on the motion to dissolve. At this hearing, the attorney general will have the burden of making a prima facie case that he will be successful in his suit. He will also have to make some showing that the property which he wishes to prevent appellant from disposing of was "used in the course of, intended for use in the course of, derived from, or realized through, conduct in violation of" the RICO Act. Without proof, the mere assertion that all of appellant's property is subject to forfeiture will not do.
Reversed and Remanded.
BOARDMAN, A.C.J., and GRIMES, J., concur.
OTT, J., dissents with opinion.
OTT, Judge, dissenting.
I dissent.
While I concur with the rationale and analysis of the law in the majority opinion, I disagree with the result. I would dismiss the appeal or at least refuse to hear or act thereon while appellant remains a fugitive from justice.
This case, together with a codefendant's appeal from the same order, was referred to the trial court for a hearing and findings as to whether or not appellant and his codefendant had violated the temporary injunction in question. The commissioner found the codefendant had made transfers of property in violation of the restraining order and we thereupon dismissed his appeal. Keidaish v. Smith, 400 So.2d 90 (Fla. 2d DCA 1981). While the commissioner did not find that appellant had made any property transfers in violation of the restraining order, he did find  and the evidence clearly supported it  that appellant had fled the jurisdiction.
Proceedings for forfeiture under the provisions of the Florida RICO Act are grounded upon criminal activity. The restraining order was duly entered by a court of competent jurisdiction and was personally served on the appellant, together with the petition and supporting documents. Having fled the jurisdiction of the courts of this state he is not subject to enforcement of the court orders and, in my opinion, is therefore not entitled to any consideration of his appeal from the restraining order of the lower court.
*929 I see no real distinction between appellant and any other criminal defendant who flees while appealing the denial of his motion to suppress the evidence or his conviction and sentence after trial.
NOTES
[1] The 1981 amendment to the rule now specifies that the party who obtained the ex parte restraining order must go forward at the hearing if he is to sustain the order.
[2] Once the court has entered or sustained a temporary injunction following an adversary hearing, the burden of proof would shift to the movant on any subsequent motion to dissolve.