501 So.2d 603 (1987)
Jack DAVIDSON, Petitioner,
v.
DISTRICT COURT OF APPEAL, FOURTH DISTRICT, et al., Respondents.
No. 68601.
Supreme Court of Florida.
January 29, 1987.
Paul H. Bass of Krongold and Bass, P.A., Coral Gables, for petitioner.
Robert A. Butterworth, Jr., Atty. Gen. and Shirley A. Walker, Asst. Atty. Gen., Tallahassee; and James A. Minix of Sparber, Shevin, Shapo, Hilbronner & Book, P.A., Miami, for respondents.
OVERTON, Justice.
Jack Davidson petitions this Court for a writ of mandamus directing the judges of the Fourth District Court of Appeal to reinstate *604 his appeal. The appeal was dismissed because Davidson failed to comply with a trial court order relating to discovery in aid of execution. We have jurisdiction. Art. V, § 3(b)(8), Fla. Const. Under the circumstances of this case, we deny the writ of mandamus and find the district court's dismissal of Davidson's appeal is warranted as a sanction.
This cause began when the respondent Gorrondona sued the petitioner, Davidson, for breach of an oral contract concerning the purchase and sale of certain pre-Columbian gold artifacts. The trial court entered final judgment against Davidson following a full trial on the merits. On June 13, 1985, petitioner filed his notice of appeal in the Fourth District Court of Appeal. Although Davidson timely filed his appeal, he did not seek a stay of the lower court's judgment in accordance with rule 9.310, Florida Rules of Appellate Procedure. As a result, respondent noticed the petitioner for a deposition in the circuit court to aid in execution of judgment. In attempting to serve Davidson with notice of the deposition, respondent Gorrondona discovered that Davidson was residing outside the state of Florida. Notice of deposition was sent to Davidson at his last known address and to his trial counsel. Davidson failed to attend the deposition. Gorrondona then filed a motion to compel Davidson's attendance. The trial court granted the motion and specifically directed Davidson to appear for deposition at Gorrondona's attorney's offices on October 10, 1985. When Davidson failed to attend the deposition, Gorrondona moved for contempt in circuit court.
At an evidentiary hearing held on December 10, 1985, Davidson's attorney refused to disclose his client's whereabouts and, on December 26, 1985, the circuit court entered a contempt order against Davidson based on his failure to appear at the deposition. It is important to note that the contempt order gave Davidson thirty days to purge himself by contacting Gorrondona's counsel and rescheduling the deposition. On December 30, 1985, four days after the order was entered, Gorrondona filed a motion to dismiss the appeal, contending that Davidson had violated and was in contempt of a trial court order to attend a deposition in aid of execution. On February 18, 1986, the Fourth District Court of Appeal dismissed petitioner's appeal.
Before this Court, Davidson argues that respondent judges of the Fourth District Court of Appeal failed to give him an opportunity to comply with the trial court's order before dismissing his appeal. Petitioner contends that Gazil v. Gazil, 343 So.2d 595 (Fla. 1977), controls, and holds that an appeal cannot be dismissed for noncompliance with a trial court order until the disobedient party is given a grace period by the appellate court prior to the effective date of the appeal's dismissal within which to comply with the order.
It is clear from this record that the district court of appeal waited for respondent to comply with the trial judge's order before ruling on the motion. Davidson had twenty-six days to comply with the trial court's order following the filing of the motion to dismiss the appeal. In our view, Davidson intentionally and willfully abused the judicial process.
Our holding in this cause complies with the principles established in Gazil, because Davidson had a clear opportunity, after the motion to dismiss the appeal was filed, to comply with the trial court's order. He chose not to do so.
Under these circumstances, we agree with the district court that it was appropriate to dismiss the appeal as a sanction.
We deny the petition for writ of mandamus.
It is so ordered.
McDONALD, C.J., and ADKINS and SHAW, JJ., concur.
EHRLICH, J., concurs specially with an opinion, in which ADKINS and SHAW, JJ., concur.
*605 EHRLICH, Justice, specially concurring.
Petitioner claims in effect that he was "blindsided" contrary to our holding in Gazil v. Gazil, 343 So.2d 595 (Fla. 1977) because the district court of appeal did not afford him a grace period within which to comply with the trial court's order. I concur with the majority that petitioner had ample time within which to oppose the motion to dismiss by advising the appellate court that he was submitting to the taking of his deposition by respondent, Gorrondona, and thereby purging himself of the trial court's order of contempt. Instead, he did nothing.
I do think, however, that it would have been the better practice if, upon the filing of the motion to dismiss the appeal, the appellate court had entered an order giving petitioner a specific period of time or date within which to purge himself, failing which the appeal would be dismissed, and I recommend that such procedure be utilized in this type of situation.
Respondent was playing Russian roulette by permitting the motion to dismiss to remain pending while he said or did nothing. He had the grace period mandated by Gazil and ignored it. He took his chances and lost.
ADKINS and SHAW, JJ., concur.