GUNTHER, Judge.
We reverse on the authority of Finkelstein v. Southeast Bank, N.A., 490 So.2d 976 (Fla. 4th DCA 1986) and DeLisi v. Smith, 401 So.2d 925 (Fla. 2d DCA 1981). The trial court erred in failing to modify the temporary injunction when there was no substantial competent evidence connecting the frozen assets with the proceeds of the alleged illegal activity. Furthermore, there was no evidence that the severance pay, payment in lieu of notification of termination, and vacation pay, for 1985 had been obtained through a “pattern of racketeering activity.” To be subject to an injunction, these payments would have to be “proceeds derived, directly or indirectly, from a pattern of racketeering activity” in violation of Florida Statutes, section 895.03 (1985), or section 772.103, Florida Statutes (Supp.1986).
REVERSED.
LETTS and WALDEN, JJ., concur.