517 So.2d 742 (1987)
Steven PASIN, Appellant,
v.
Rosemary A. PASIN, Appellee.
No. 4-86-0831.
District Court of Appeal of Florida, Fourth District.
December 23, 1987.
Rehearing Denied January 29, 1988.
Robert Pasin, Coral Springs, for appellant.
Susan S. Lerner and James C. Blecke, Miami, for appellee.
DOWNEY, Judge.
The appellant, husband, seeks review of a partial final judgment in a dissolution of marriage action. Among other things, said judgment dissolved the marriage, awarded custody of the children to the wife, and made various provisions for child support, lump sum alimony, distribution of property, and attorney's fees. The husband presents seven points on appeal, contending therein that the trial court erred in proceeding with the trial without notice, in issuing a writ of ne exeat, in awarding sole custody and parental responsibility of the children to the wife, in awarding alimony to the wife, and in the distribution of the property of the parties.
In the final judgment the court found the husband in contempt and found that he has concealed his whereabouts to avoid enforcement of the judgments and contempt orders of the court. With the exception of one contempt order in December, 1985, requiring payment of $1,200, this record reflects that appellant has never complied with the provisions of the final judgment, nor superseded said judgment, and that he remains in contempt thereof. As a result of a relinquishment of jurisdiction by this court, the trial court held an evidentiary hearing to determine whether the husband was in contempt of any trial court order. By order, dated May 5, 1987, the trial court found that the husband had made no child support nor alimony payments pursuant to the final judgment of March 18, 1986, wherein he was specifically found to have the ability to make said payments. Therefore, upon authority of Davidson v. District Court of Appeal, Fourth District, 501 So.2d 603 (Fla. 1987), and Gazil v. Gazil, 343 So.2d 595 (Fla. 1977), he is not entitled to maintain this appeal until he has purged himself of said contumacious conduct.
In view of the foregoing, the husband shall, within fifteen days of the date hereof, purge himself of contempt of any outstanding orders of the trial court and file a certified copy of certificate of the Circuit Court of the Seventeenth Judicial Circuit so stating or this appeal will be dismissed.
HERSEY, C.J., and GUNTHER, J., concur.