567 So.2d 23 (1990)
Klenton McLEMORE, Appellant,
v.
Penny McLEMORE, Appellee.
Nos. 89-3224, 90-1416.
District Court of Appeal of Florida, First District.
September 18, 1990.
Bill Corbin, Blountstown, for appellant in Case No. 89-3224.
Klenton McLemore, pro se appellant in Case No. 90-1416.
Jeffrey Whitton, Panama City, for appellee.

ON APPELLEE'S MOTIONS TO DISMISS
PER CURIAM.
We have consolidated these two cases for consideration of appellee's motions to dismiss. We grant the motions to dismiss.
The parties were divorced in 1983. Husband took an appeal and this court specifically affirmed the trial court's awards of child support and alimony. McLemore v. McLemore, 537 So.2d 675 (Fla. 1st DCA 1989). Because the distribution of marital property was unclear and inconsistent with *24 the alimony awarded, the case was reversed and remanded for clarification.
When husband failed to make the alimony payments, wife filed a motion in the trial court seeking to have husband held in contempt. The trial court found that husband had wilfully violated the trial court's order, had the ability to pay the $14,000 arrearage, but had failed to do so. Husband was found to be in contempt of court. The trial court allowed husband to purge himself from contempt by paying the arrearage at the rate of $1500 a month. If the husband failed to pay the arrearage as provided, the trial court ordered that he be jailed for 90 days. Husband took an appeal from the order adjudicating him in contempt, which was assigned case number 89-3224.
Thereafter, the trial court entered an order which distributed the parties' real property. Husband filed a notice of appeal, which was assigned case number 90-1416.
Wife now files a motion to dismiss in each case, arguing that husband has failed to comply with the order of the trial court and has neither paid the arrearage nor posted an appeal bond, as allowed by the trial court. Instead, husband has absented himself so he can not be found in the county and taken into custody. In fact, the initial brief filed in case number 89-3224 admits that husband is "on the lam." Wife states that an appellate court should not be required to determine the correctness of the action of the lower court when husband refuses without cause to abide by the lower court's order. Morris v. Rabara, 145 So.2d 265 (Fla. 2d DCA 1962).
A show cause order issued in each case and two responses have been filed, one by counsel of record and one by husband. Counsel admits that husband has not paid the alimony award nor the arrearage, but argues that husband has not ignored any rulings of the lower court. Counsel argues that husband does not have the ability to pay the alimony award. Counsel again concedes that husband is "on the lam" but argues that he has no other choice if he wants to stay out of jail.
We grant the wife's motions and dismiss these appeals. Husband has failed to pay the alimony arrearage as ordered by the trial court. He has not posted an appeal bond as allowed by the trial court. He has absented himself from the jurisdiction of the trial court. Husband cannot invoke the authority of this court at the same time he is scorning the rulings of the trial court. See, Davidson v. District Court of Appeal, 501 So.2d 603 (Fla. 1987); Gazil v. Gazil, 343 So.2d 595 (Fla. 1977); and Pasin v. Pasin, 517 So.2d 742 (Fla. 4th DCA 1987), rev. denied, 528 So.2d 1183 (Fla. 1988). The appeals shall stand dismissed.
SMITH, BOOTH and WENTWORTH, JJ., concur.