640 So.2d 133 (1994)
Cesar RODRIGUEZ, Appellant,
v.
Barbara RODRIGUEZ, Appellee.
No. 93-2404.
District Court of Appeal of Florida, Third District.
July 26, 1994.
Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellant.
Jack P. Attias, Key Biscayne, for appellee.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
LEVY, Judge.
Cesar Rodriguez, the husband, and Barbara Rodriguez, the wife, were divorced in 1986. By September of 1993, the husband had accumulated child support arrearages of $33,800, and the wife moved the trial court to hold the husband in contempt. After an evidentiary hearing, the trial court concluded that the husband had wilfully refused to pay his child support obligations, and found him to be in contempt of court. The trial court ordered the husband to serve 179 days of incarceration as a result of the contempt. The trial court also found that the husband had the present ability to pay $7,500 towards child support, and allowed the husband to avoid incarceration by paying this amount within seven days. See Bowen v. Bowen, 471 So.2d 1274 *134 (Fla. 1985). If the husband failed to pay this purge amount by the deadline, he was to appear at the court to be taken into custody and begin serving his jail time. The husband did not pay the $7,500 purge amount, and failed to surrender himself to the court at the appointed time. To this day, the husband has not paid the purge amount, nor surrendered himself. Despite this flagrant noncompliance with the trial court's order, the husband now asks us to review the order's validity. We decline to do so.
"Where the appellant has disobeyed an order of the trial court, the appellate court may, in its discretion, either entertain or dismiss an appeal." Gazil v. Gazil, 343 So.2d 595, 597 (Fla. 1977); see McLemore v. McLemore, 567 So.2d 23, 24 (Fla. 1st DCA), cause dismissed, 576 So.2d 289 (Fla. 1990); Segall v. Downtown Assocs., 546 So.2d 11, 12 (Fla. 3d DCA 1989); Keidaish v. Smith, 400 So.2d 90, 91 (Fla. 2d DCA 1981); see also State v. Gurican, 576 So.2d 709 (Fla. 1991) (discussing dismissal of appeal of criminal defendant). An appellate court should ordinarily provide a grace period prior to dismissing the appeal, within which time the appellant may comply with the violated trial court order and thereby prevent dismissal. See Davidson v. District Court of Appeal, Fourth Dist., 501 So.2d 603, 604 (Fla. 1987); Gazil, 343 So.2d at 597; Pasin v. Pasin, 517 So.2d 742, 742 (Fla. 4th DCA 1987), review denied, 528 So.2d 1183 (Fla. 1988). However, when an appellant has absconded from the court's jurisdiction, a grace period is not necessary, and the dismissal may be immediate. Gazil, 343 So.2d at 597; McLemore, 567 So.2d at 24; Keidaish, 400 So.2d at 91.
Since the husband in this case has failed to surrender himself as ordered by the trial court, we exercise our discretion under the above-cited authorities and dismiss his appeal.
Appeal dismissed.