ON MOTION TO DISMISS

GERSTEN, J.
We grant appellee Ignez Simoes’ motion to dismiss her former husband’s appeal from a final judgment for dissolution of marriage based upon the former husband’s flagrant noncompliance with the trial court’s orders.
In March of 2001, the trial court entered a final judgment for dissolution of marriage which specifically found the former husband had refused to comply with numerous court orders and had fled the State. The trial court’s order thoroughly details the former husband’s wilful flaunting of court orders, and includes the following findings:
8. The Petition for Dissolution was filed by the Wife on September 8, 1999. The Husband was personally served with the petition and appeared before this Court in the litigation both personally and through counsel until the Husband’s counsel withdrew on January 30, 2001. The Husband without court order or approval apparently filed a domestic proceeding in Brazil on or about January 4, 2001.
9. The Court entered an order on February 9, 2001 ordering the Husband to dismiss the Brazilian proceedings. The Husband not only failed to comply with the Court’s order but the Husband continued to proceed before the Court in Brazil and notified this Court of his continued involvement in said proceedings.
10. The Husband also failed to comply with this Court’s order of March 5, 2001 by failing to produce documents previously order to be produced.
11. Further, the Husband failed to comply with this Court’s order on Wife’s Motion for Contempt and announced on March 5, 2001 due to his failure to produce additional Court ordered documents and sign a release of documents in connection with a Swiss bank account.
12. The Court finds that the Husband’s failure to comply with this Court’s orders is intentional and willful.
13. Moreover the Husband failed to appear for a properly noticed deposition, has failed to provide support to the Wife and children by not paying the mortgage and condominium fees on the Ocean Village property in which the Wife and minor children reside and also failed to maintain health insurance for the Wife and minor children contrary to this Court’s order of February 20, 2001. In that order, the Husband was directed to provide proof to the Court of his compliance with the Court’s order on or before February 26, 2001. The Husband failed to provide proof of compliance and has failed to comply. The Court finds the Husband’s failure to comply intentional and willful.
14. In the Court’s February 20, 2001 order, the Husband was also obligated to pay to the Wife the sum of $500.00 as a sanction. Said payment was due on or before February 26, 2001 which the Husband has failed to pay.
*1223 20. The Court finds that the Husband is a flight risk with the children and has demonstrated a willingness to ignore Court orders. The Husband has fled the jurisdiction of this Court, has fled the State and refuses to comply with Court orders or attend the final hearing in this cause. The Husband has Brazilian and Portuguese citizenship.
As reflected by the findings above, the former husband has failed to provide any support to the former wife and minor children, and has refused to comply in any regard with the final judgment for dissolution of marriage, which he now seeks this Court to review. Since the former husband has fled the jurisdiction and embarked on a course of conduct reflecting contemptuous disregard for the trial court’s orders, we exercise our discretion and dismiss the appeal. See Gazil v. Gazil, 343 So.2d 595 (Fla.1977); Rodriguez v. Rodriguez, 640 So.2d 133 (Fla. 3d DCA 1994); McLemore v. McLemore, 567 So.2d 23 (Fla. 1st DCA), cause dismissed, 576 So.2d 289 (Fla.1990); Pasin v. Pasin, 517 So.2d 742 (Fla. 4th DCA 1987).
Appeal dismissed.