PER CURIAM.

ON MOTION TO DISMISS

We grant appellees’, Pegasus Aviation Inc., Pacific Aircorp 914, Inc., and Pacific Aircorp 915, Inc. (“appellees”), motion to dismiss this appeal based upon the appellant’s, Viacao Aerea SAO Paulo, S.A., VASP d/b/a/ VASP Brazilian Airlines (“appellant”), flagrant noncompliance of the trial court’s orders.
In October of 2004, the trial court entered a final judgment awarding the appel-lees $9,913,984.32 plus prejudgment interest, and requiring the appellant to produce a fact information sheet. The appellant appealed the final judgment but failed to comply with the trial court’s order to produce post-judgment discovery. After granting the appellant four extensions of time to produce the requested discovery and entering an order to show cause, the trial court held the appellant in contempt of court for failure to comply with the court’s order.
The appellees moved to dismiss the appeal asserting that the appellant has willfully evaded discovery in aid of execution of the final judgment. We agree.
The appellant has continued to disregard the trial court’s orders, therefore, we exercise our discretion and dismiss this appeal. Segall v. Downtown Assocs., 546 So.2d 11 (Fla. 3d DCA 1989); see also Gazil v. Gazil, 343 So.2d 595 (Fla.1977); Rodriguez v. Rodriguez, 640 So.2d 133 (Fla. 3d DCA 1994); McLemore v. McLemore, 567 So.2d 23 (Fla. 1st DCA 1990).
Because an appellate court should ordinarily provide a grace period prior to dismissing an appeal, within which time the appellant may comply with the trial court’s order, we stay this dismissal for a period of ten (10) days. Sell v. Sell, 882 So.2d 400 (Fla. 3d DCA 2004); Pasin v. Pasin, 517 So.2d 742 (Fla. 4th DCA 1987).
Appeal dismissed.