ON MOTION TO DISMISS

PER CURIAM.
Appellees Jack M. Sword, et al., (“Sword parties”) move to dismiss this appeal based upon appellants Mark Daniels, et al.,’s (“Daniels parties”) non-compliance- with multiple post-judgment trial court orders and failure to purge findings of contempt. We grant the motion, to dismiss.
On April 5, 2011, the trial court entered a final default judgment against the Daniels parties for the sum of $10.5 million. The court ordered the Daniels parties to complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, to enable the Sword parties to conduct discovery in aid of execution on the judgment. The court also ordered the Daniels parties to serve the Fact Information Sheet upon the Sword parties within forty-five days of the date of the judgment. The Daniels parties appealed the final default judgment to this Court on May 4, 2011.
On June 1, 2011, the Daniels parties completed three forms. The forms, however, were incomplete and did not contain all of the required information and attachments. On August 9, 2011, the Sword parties filed a motion for a finding of contempt and for sanctions based upon irreconcilable and contradictory sworn statements in the Fact Information Sheet, bankruptcy filings, and several motions filed with the trial court. The court granted the motion on September 1, 2011 and, notably, gave the Daniels parties an opportunity to purge themselves of civil contempt within ten days. The court also ordered the Daniels parties to appear before the court if they did not purge themselves of contempt after which the court would consider additional sanctions, including the immediate issuance of a writ of bodily attachment.
Daniels, individually, delivered a Notice of Compliance to Cure. The materials Daniels served, however, did not comply with the purge provision of the court’s order of contempt. The Daniels parties thus remained in contempt.
The court held a hearing on the order of contempt, at which the court granted the Daniels parties an additional week to comply and to appear before the court on September 20, 2011. Daniels received actual notice of the hearing and, throughout the proceedings, had acted as the corporate representative of Mark 5 Leasing, Jnc. and Mark V Leasing, Inc. Daniels neither appeared at the September 20 hearing nor responded to the trial court’s *13 efforts to contact him by telephone on the day of the hearing. The court thereafter issued a Writ of Bodily Attachment based upon Daniels’ failure to appear and the remaining two Daniels parties’ non-compliance with the purge provision of the order of contempt.
The Sword parties now move to dismiss the appeal based on the Daniels parties’ failure to purge the finding of contempt and writ of bodily attachment. We conclude that dismissal is warranted. The Daniels parties have willfully evaded discovery in aid of execution of the final default judgment. A period of five months from the trial court’s entry of its order of contempt and the filing of the motion to dismiss now before us has elapsed. The Daniels parties have yet to comply with the trial court’s orders. A party in contempt of the trial court cannot seek to invoke the authority of this Court. See Davidson v. District Court of Appeal, Fourth Dist., 501 So.2d 603, 604 (Fla.1987); Viacao Aerea Sao Paulo, S.A. v. Pegasus Aviation, Inc., 904 So.2d 631, 632 (Fla. 3d DCA 2005); McLemore v. McLemore, 567 So.2d 23, 24 (Fla. 1st DCA 1990).
We provide the Daniels parties, however, a grace period of twenty days within which time to comply with the trial court’s orders. Appellate courts ordinarily provide a grace period prior to the dismissal of an appeal. See Davidson, 501 So.2d at 604; Viacao Aerea Sao Paulo, S.A., 904 So.2d. at 632. See also Sell v. Sell, 882 So.2d 400 (Fla. 3d DCA 2004). We therefore stay this dismissal for a period of twenty days.
Appeal dismissed.