DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHEL WHISSELL,**
Appellant,

v.

**SHERONNE WHISSELL,**
Appellee.

No. 4D15-671

[August 5, 2015]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Dana Gillen, Judge; L.T. Case No. 14DR1981FZ.

Karen J. Haas of Law Offices of Karen J. Haas, Miami, for appellant.

Jonathan S. Root of Jonathan S. Root, P.A., Boca Raton, for appellee.

PER CURIAM.

In this dissolution of marriage case, Michel Whissell ("appellant") appeals the trial court's non-final order holding him in contempt for the fourth time due to his repeated failure to make court-ordered temporary support payments, and his failure to comply with discovery.[1] Additionally, the trial court 1) found that appellant owes a total of $103,432.07 to Sheronne Whissell ("appellee"); 2) issued a third writ of bodily attachment for appellant's arrest; 3) found that he has continuously willfully failed and refused to comply with the court's previous orders; 4) struck his pleadings; 5) entered a default judgment against him; and 6) prohibited him from raising certain arguments in the final hearing. Appellee has filed a motion to dismiss this appeal on the grounds that appellant has not paid any of the court-ordered temporary support.

---

[1] We note that although appellant technically has been held in contempt four times during the course of the proceedings below, the trial court actually granted five separate motions for contempt against appellant. The second and third motions for contempt were granted in one order which addressed them both.

On appeal, appellant alleges several deficiencies with the trial court's non-final order. For the reasons stated below, we decline to address these issues.

We previously have held that appeals will be dismissed in dissolution of marriage cases where the appealing party has been held in contempt for failure to pay court-ordered support, if the appealing party does not comply with the trial court's order(s) within a set time period. *See Pasin v. Pasin*, 517 So. 2d 742, 742 (Fla. 4th DCA 1987); *see also Durham v. Durham*, 297 So. 2d 857, 858 (Fla. 4th DCA 1974). Regarding situations where the appealing party has flouted a trial court's order, the Florida Supreme Court has stated:

> [I]t appears the rule in Florida is as follows: Where the appellant has disobeyed an order of the trial court, the appellate court may, in its discretion, either entertain or dismiss an appeal. However, where a dismissal is ordered it is mandatory that the disobedient appellant must be given a period of grace, prior to the effective date of the dismissal, in which to comply with the disobeyed order.
>
> The order of the District Court of Appeal in the case sub judice conflicts with these decisions in that petitioner was not given an opportunity to purge himself so that he could be heard on the merits of the appeal.
>
> If an appellant husband absconds, the situation would be quite different and there would be no need to allow a period of time within which he could purge himself and be heard on appeal. If the contempt is for nonpayment of money, he should be given an opportunity to purge himself so that he could be heard on the merits of the case.

*Gazil v. Gazil*, 343 So. 2d 595, 597 (Fla. 1977).

Throughout the course of the proceedings below, appellant repeatedly has disobeyed the trial court's orders to pay temporary support and comply with discovery, resulting in four findings of contempt and three writs of bodily attachment. Appellant previously was incarcerated for his failure to comply with the trial court's orders, and was released only after he made a payment far below the arrearages he owed and promised the trial judge in open court that he would comply. After his release, appellant continued his pattern of disregarding the trial court's commands.

2

Accordingly, appellee's motion to dismiss this appeal will be granted unless, on or before thirty days from the filing of this opinion, it has been made to appear to this court that appellant is in substantial compliance with the trial court's extant orders. We hereby relinquish jurisdiction to the trial court for thirty days to conduct any proceedings necessary to determine appellant's compliance with those orders, and to provide a status report to this court indicating whether appellant is in compliance with those orders to the satisfaction of the trial court at the end of that time.

*Jurisdiction Relinquished.*

MAY, KLINGENSMITH, JJ., and ROBY, WILLIAM L., Associate Judge, concur.