230 So.2d 129 (1969)
Thomas Raphael FASENMYER, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent.
No. 38739.
Supreme Court of Florida.
September 24, 1969.
Rehearing Denied October 15, 1969.
Thomas Raphael Fasenmyer, for petitioner.
Earl Faircloth, Atty. Gen., and James Robert Yon, Asst. Atty. Gen., for respondent.
ADKINS, Justice.
This is an original proceeding in mandamus wherein petitioner seeks an order requiring respondent to withdraw a detainer which has been lodged against petitioner in the State of California.
In 1960 and prior thereto, petitioner was in custody of respondent serving several sentences imposed upon him by the Florida courts. On February 7, 1960, petitioner was released by the respondent to the custody of the Sheriff of Hernando County so that he could be tried for the crime of breaking and entering. On March 16, 1960, prior to trial, petitioner escaped.
Since that time petitioner has on various occasions, escaped from lawful custody in Missouri, Washington and California.
His last venture resulted in the imposition of a sentence on November 14, 1966 in California of five years to life imprisonment. A detainer was lodged on January 18, 1968, with the California authorities *130 by respondent, as Florida authorities desire to extradite petitioner for trial.
Petitioner says that Florida has abandoned any right to have him stand trial for the pending offense because of respondent's failure to file the detainer at an earlier date.
In order to be entitled to a writ of mandamus the petitioner must show a clear legal right to the performance by the respondent of the particular duty in question. See 16 F.L.P., Mandamus, § 10. Of course, a writ of mandamus may, in some instances, be enforced upon equitable principles (16 F.L.P., Mandamus, § 12), but certainly none are apparent in this proceeding. The fact that the detainer may affect petitioner's right to a parole in California has no bearing upon the legality or equity of the detainer in view of his status as an "escapee."
While incarcerated in other states petitioner had the right to maintain mandamus proceeding seeking a speedy trial in Florida. Dickey v. Circuit Court, Gadsden County, 200 So.2d 521 (Fla. 1967).
If a person charged with the commission of a felony escapes from lawful custody he waives any right to object to the filing of a detainer in another jurisdiction by the authorities from whose custody he first escaped. Mere delay is not an abandonment of prosecution, as the responsibility rests upon the escapee to either surrender to the authorities or, if incarcerated in another jurisdiction, seek a speedy trial.
The alternative writ is discharged.
ERVIN, C.J., and ROBERTS, DREW and BOYD, JJ., concur.