658 So.2d 1047 (1995)
Robert Lee McFADDEN, Appellant,
v.
WEST PALM BEACH POLICE OFFICER, etc., Appellee.
No. 95-0305.
District Court of Appeal of Florida, Fourth District.
May 24, 1995.
Robert Lee McFadden, Malone, pro se appellant.
Adam M. Corin, Asst. City Atty., West Palm Beach, for appellee.

ORDER OF DISMISSAL
WARNER, Judge.
The appellant filed a notice of appeal without paying the statutory filing fee to the clerk of the court for processing this appeal. Our court sent out our standard order requiring that the $250 filing fee or order of indigency from a circuit court judge must be filed in this court within ten (10) days from the date of the entry of this order. The order provided that "failure to comply within the time prescribed would result in dismissal of the appeal." An affidavit of insolvency was then filed in this court in which the appellant attested that he was indeed indigent. We then sent another standard order indicating that the filing fee or an order of indigency "SIGNED BY A CIRCUIT COURT JUDGE" must be filed to avoid dismissal. Nothing was filed, and we issued one more order directing the appellant to show cause why this case should not be dismissed for failure to comply with our orders. Again, nothing was filed, and the case came to the panel for dismissal.
Ordinarily, we would sua sponte dismiss this case without comment, as we have done in the past when neither the filing fee nor an order of indigency required by Florida Rule of Appellate Procedure 9.430 has been filed. However, on the same day that this case was circulated to the panel, we received an order from the supreme court in a similar case granting a petition for writ of mandamus and ordering an indigent appellant's case to be reinstated. That has given us pause to consider how this court should proceed in cases where neither a filing fee nor an order of indigency has been filed in an appeal.
Last August 1994, Ronald Beatty filed a pro se notice of appeal from a final order of dismissal issued by the trial court of Broward County. No filing fee accompanied the notice. That case was docketed with our court and given a file number (Case No. 94-02168). As with the instant case, an order *1048 was sent out requiring the statutory fee or an order of indigency signed by a circuit judge to be filed or the case would be dismissed. The appellant responded by filing an affidavit of insolvency. While the appellant wrote the court indicating that the affidavit was being submitted to the trial court for an order of indigency, no order was forthcoming. This court then gave the appellant an additional twenty days to file the required order from the trial court. When nothing was filed, this court dismissed Beatty's case on September 16, 1994, approximately forty-five days after the filing of the notice of appeal. This denial prompted Beatty to file a petition for writ of mandamus in the supreme court to order the clerk of this court to reinstate the appeal. A response was filed, and the supreme court entered the following order:
The Petition is hereby granted and the respondent is hereby directed to reinstate petitioner's appeal, it appearing to have been undisputed at all times that appellant was indigent and entitled to the entry of an order of indigency for purposes of appeal.
In accordance with the petition, we have reinstated Beatty's appeal.
What occurred in Beatty places us in a quandary as to what to do in the instant case. While this issue may seem trivial, it is not so to the individual litigant or to this court. In the first three months of 1995, this court sent out 167 orders requiring the payment of the filing fee or the filing of an order of indigency from the lower tribunal in conformance with Florida Rule of Appellate Procedure 9.430. The supreme court's disposition in Beatty has called into question our procedure and the viability of the appellate rule on which we have relied.
Florida Rule of Appellate Procedure 9.430 provides:
A party who has the right to seek review without payment of costs shall file a motion in the lower tribunal, with an affidavit showing the party's inability either to pay fees and costs or to give security therefor. If the motion is granted, the party may proceed without further application to the court and without either the prepayment of fees or costs in the lower tribunal or court or the giving of security therefore. If the motion is denied, the lower tribunal shall state in writing the reasons therefor. Review shall be by motion filed in the court.
Florida Rule of Judicial Administration 2.040(b)(3) states:
In all cases filed in the [district] court [of appeal], the clerk shall require the payment of a fee as provided by law at the time the notice, petition, or other initial pleading is filed. The payment shall not be exacted in advance in appeals in which a party has been adjudicated insolvent for the purpose of an appeal or in appeals in which the state is the real party in interest as the moving party ...
As the Fifth District noted in Schwab v. Brevard County School Board, 650 So.2d 1099 (Fla. 5th DCA 1995), both rules contemplate action by the lower tribunal in ordering that a litigant is insolvent. That is how this court has interpreted the rules. As a consequence, when we have not received either the fee or the order of insolvency, after time to cure the deficiency we have dismissed the appeal. We find no authority for the appellate court to sua sponte determine the issue of indigency ourselves in direct appeals. We contrast this with our authority in original proceedings in our court to issue orders of indigency and have directed our clerk to perform that duty under section 57.081(1), Florida Statutes (1994).
In most of the indigent cases which come before us, the litigants are clearly indigent as set forth in their affidavits. Many are prisoners in the state correctional system and have little ability to prevail upon a trial judge to sign an order of indigency so that their appeals can proceed. A welcome change in the rule to allow the clerks of the appellate court to determine indigency from the affidavit, providing for a remand to the trial court for a hearing on indigency where indicated by the circumstances of the case or the affidavit, would allow indigents more expeditious access to the court without a significant burden. While we are only one panel of one appellate court of this state, we would favor such a change in the appellate rules.
*1049 We have no desire to arbitrarily deprive indigent appellants of a forum for their direct appeals, but the supreme court has promulgated rules which we are obliged to follow. Despite the result in the Beatty case, the court's decision gives us no guidance for when the rule should be adhered to and when it should be ignored. We therefore dismiss this case for failure to pay the filing fee or file an order of indigency. We hope that in the future our rules will provide a more expeditious and fair way to process the filing of indigency appeals.
KLEIN and STEVENSON, JJ., concur.