682 So.2d 1068 (1996)
Robert Lee McFADDEN, Petitioner,
v.
FOURTH DISTRICT COURT OF APPEAL, Respondent.
No. 87112.
Supreme Court of Florida.
April 25, 1996.
Robert Lee McFadden, Malone, pro se.
No Appearance for Respondent.
PER CURIAM.
Robert Lee McFadden petitions this Court for a writ of mandamus. We have jurisdiction. Art. V, § 3(b)(8), Fla. Const.
McFadden, an inmate at the Jackson Correctional Institution, brought a tort action against West Palm Beach police officer, John Palladino. The circuit court certified McFadden's indigency and granted his motion to waive costs. The tort action was later dismissed.
McFadden filed a notice of appeal and a motion to proceed in forma pauperis with the Clerk of the Court in the Fifteenth Judicial Circuit without paying the statutory filing fees to the clerk of the court. The circuit court failed to provide an order of indigency to the district court. Upon transfer the district court sent a standard order to McFadden requiring that within ten days he either pay the filing fee or file an order of indigency from a circuit court judge pursuant to Florida Rule of Appellate Procedure 9.430. The order directed McFadden that failure to comply within the time period would result in a dismissal of his appeal. McFadden filed an affidavit of insolvency with the district court. Immediately thereafter, McFadden was transferred to the Palm Beach County Jail. McFadden maintains that he forwarded his new address to both the district court and the circuit court. The district court sent another standard order to the Jackson Correctional Institution stating that either a filing fee or an order of indigency from the circuit court must be filed to avoid dismissal. When McFadden failed to respond, one last order was sent to the Jackson Correctional Institution directing McFadden to show cause why his case should not be dismissed for failure to comply with the district court's orders. When McFadden did not respond, the district court dismissed the case. McFadden v. West Palm Beach Police Officer, 658 So.2d 1047 (Fla. 4th DCA 1995). McFadden received the district court's second and third orders and the dismissal order when he was returned to the Jackson Correctional Institution approximately nine months later.
McFadden argues that his failure to obtain a certificate of indigency is excusable neglect, due to his transfer to another facility. In addition, McFadden contends that at the commencement of his tort action the circuit court issued an order of indigency and granted his motion to waive costs; however, the court failed to send the order to the district court until after the case was dismissed. McFadden, in reliance on the district court's dismissal order, suggests that rule 9.430 denies *1069 indigents access to the courts, especially in light of the unique circumstances of inmates. He therefore contends that this Court should amend the rule.
In dismissing McFadden's appeal, the district court recalled a similar case where a writ of mandamus was granted by this Court and the district court was ordered to reinstate the appeal of an indigent inmate who failed to get an order of indigency from a lower tribunal. See Beatty v. Beuttenmuller, 654 So.2d 130 (Fla.1995) (order granting petition for writ of mandamus). However, the district court states that the Beatty order gives no guidance to the district court as to when rule 9.430 "should be adhered to and when it should be ignored." McFadden, 658 So.2d at 1049. The district court notes that many indigents are prisoners in the state correctional system who may not have an opportunity to persuade a trial judge to sign an order of indigency. Id. at 1048. In fact, the district court states that in the first three months of 1995 it sent out 167 orders requiring either the payment of fees or the filing of an order of indigency from a lower tribunal. Id. Accordingly, the district court welcomes a change to rule 9.430 which would allow clerks of the appellate court to determine indigency from the affidavit. Id.
We agree with the district court that rule 9.430 is cumbersome for the district courts and indigent inmates. We find that an affidavit filed with the district court serves the same purpose as an order of indigency from a circuit court.
In addition, if we simply granted McFadden's petition for writ of mandamus and ordered the district court to reinstate McFadden's appeal it would remedy McFadden's situation but would not protect other indigent inmates who might slip through the cracks of the system. Instead, pursuant to Florida Rule of Judicial Administration 2.130, the Court finds, sua sponte, that an emergency situation exists as to the application of rule 9.430 to indigent inmates at the appellate level and hereby amends that rule. Underscoring indicates the new language.
A party who has the right to seek review without payment of costs shall file a motion in the lower tribunal, with an affidavit showing the party's inability either to pay fees and costs or to give security therefor. If the motion is granted, the party may proceed without further application to the court and without either the prepayment of fees or costs in the lower tribunal or court or the giving of security therefor. If the motion is denied, the lower court shall state in writing the reasons therefor. Review shall be by motion filed in the court.
In lieu of the above procedure, an indigent incarcerated party may file in the appellate court a motion for an order of indigency, along with an affidavit showing the party's inability either to pay fees and costs or to give security therefor. The affidavit shall be sufficient without more for the court to rule on the appellant's indigency unless an objection is filed. If an objection is filed the appellate court may determine the issue or remand it to the lower tribunal for determination.
The amended rule is effective immediately and applies to all inmates whose appeals are pending and those who have not yet filed an appeal. However, as provided by rule 2.130, any interested person may file comments concerning this amendment to the rule within thirty days from the date of this opinion. In light of the above amended rule and McFadden's undisputed indigency, we grant his petition for writ of mandamus and direct the Fourth District Court of Appeal to reinstate McFadden's appeal.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF AMENDED RULE OF APPELLATE PROCEDURE 9.430.