708 So.2d 270 (1998)
James J. QUIGLEY, Petitioner,
v.
Robert A. BUTTERWORTH, Jr., et al., Respondents.
No. 91048.
Supreme Court of Florida.
March 19, 1998.
Rehearing Denied April 9, 1998.
James J. Quigley, Immokalee, Petitioner, pro se.
No appearance for Respondent.
OVERTON, Justice.
James J. Quigley petitions this Court for a writ of mandamus to compel the First District Court of Appeal to reinstate his appeal and to allow him to proceed in forma pauperis. We have jurisdiction. Art. V, § 3(b)(8), Fla. Const. For the reasons expressed below, we transfer this cause to the district court for consideration of the circuit court's denial of Quigley's indigency status.
Quigley is serving a life sentence in a state prison. On May 24, 1996, he filed a declaratory judgment action in the Leon County Circuit Court challenging the constitutionality of chapter 96-106, Laws of Florida, and in particular, section 57.085, Florida Statutes (1997). The circuit court dismissed the case with prejudice on October 31, 1996, for Quigley's failure to state a cause of action which would entitle him to relief. Quigley appealed the dismissal to the First District Court of Appeal and subsequently moved the court to allow him to proceed in forma pauperis. The district court transferred the motion to the circuit court for a determination of Quigley's indigency status under section 57.081(1), Florida Statutes (1995),[1] and Florida Rule of Appellate Procedure 9.430. The circuit court denied Quigley's motion for failure to meet the requirements of section 57.085, which requires a prisoner who seeks waiver of prepayment of court costs and fees because of *271 indigency to file an affidavit of indigency with the court. The statute sets forth specific requirements for the affidavit, including detailed financial information of the prisoner and a certification on whether the prisoner has previously been found indigent under section 57.085, section 57.081, or 28 U.S.C. § 1915. Because of the circuit court's denial of Quigley's indigency status, the district court ordered Quigley to pay the $250 filing fee.
Quigley subsequently filed a second motion with the district court entitled "Appellant's Second Motion for Leave to Proceed on Appeal without Payment of Costs." The district court again transferred the request to the circuit court, which in turn denied Quigley's motion for a second time, and the district court subsequently dismissed Quigley's appeal for failure to pay the filing fee. Quigley now petitions this Court for a writ of mandamus to compel the First District Court of Appeal to reinstate his appeal and to allow him to proceed in forma pauperis. Quigley argues that the second motion he filed with the district court was actually a motion to review the circuit court's initial denial of indigency status and that the district court failed to review the circuit court's action. We agree that the motion should have been treated as a motion for review pursuant to rule 9.430. Florida Rule of Appellate Procedure 9.040(c) provides that "[i]f a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought."
We find this cause needs to be transferred to the district court for consideration of the denial of indigency status. Rule 9.040 requires this result.
It is so ordered.
KOGAN, C.J., and SHAW, HARDING, WELLS, ANSTEAD and PARIENTE, JJ., concur.
NOTES
[1] Prior to its amendment and the enactment of section 57.085, section 57.081 applied to determinations of indigency for all persons. Section 57.085 was enacted to guide determinations of indigency only for prisoners.