777 So.2d 951 (2000)
Hiroaki KOBAYASHI, Petitioner,
v.
Hollis M. KOBAYASHI, Respondent.
No. SC92811.
Supreme Court of Florida.
December 7, 2000.
Rehearing Denied January 29, 2001.

ORDER
Petitioner Hiroaki Kobayashi seeks, through a writ of mandamus, the reinstatement of his appeal in the Third District Court of Appeal. To be entitled to a writ of mandamus, the petitioner must show a clear legal right to the performance by the respondent of a particular duty. See Fasenmyer v. Wainwright, 230 So.2d 129 (Fla.1969). The petition does not make a sufficient showing that the district court failed to perform a particular duty imposed upon it by law. Accordingly, this Court has no jurisdiction to issue the writ, and the petition is hereby dismissed.
WELLS, C.J., and HARDING, LEWIS and QUINCE, JJ., concur.
*952 SHAW, J., dissents with an opinion, in which ANSTEAD, J., concurs.
PARIENTE, J., dissents with an opinion.
SHAW, J., dissenting.
The district court dismissed Kobayashi's appeal because he failed to pay $138,560 in support and fees ordered by the trial court. He contends that he is unable to pay and should not be penalized by having his appeal dismissed without first being given an opportunity to show that the trial court's finding to the contrary (i.e., that he is able to pay) is in error. The present order of this Court dismisses his petition.

1. Facts

Hollis M. ("wife") and Hiroaki ("husband" or "Kobayashi") Kobayashi were married in Japan in 1981. They have two children. The husband is a businessman who works in Japan; the wife works part-time as an office administrator in Miami. The wife petitioned for divorce in July 1996, and the husband did not respond. The circuit court in February 1997 entered a final judgment of dissolution designating the wife as primary residential parent and awarding her $4000 per month in child support, $8000 per month in permanent periodic alimony, and ownership of the marital home. The husband in June 1997 filed a motion to set aside the judgment, claiming that he was given inadequate notice of the dissolution proceeding because he was in Japan. The court denied the motion, ruling that the husband failed to exercise due diligence in filing his motion. The court noted that the husband knew of the final judgment immediately after its entry and had notice of all court proceedings and yet failed to file his motion until many months after entry of the judgment.
In an order issued January 2, 1998, the court: (1) found that the husband had the ability to pay his support obligations; (2) held the husband in contempt for failing to pay his support obligations; and (3) provided that if the husband did not pay the full amount he owed in support and fees, i.e., $138,560, within thirty days, he would be jailed for sixty days. The husband appealed both the contempt order and the order denying his motion to vacate the judgment of dissolution, asserting that there was insufficient evidence to show that he had the ability to pay $138,560. The wife moved to dismiss the appeal based on the husband's failure to obey the trial court's order to pay the full amount, and the district court ordered the husband to pay the full amount within twenty days or his appeal would be dismissed. The husband moved for reconsideration, pointing out that dismissal would preclude appellate review of the trial court's finding. The court denied the motion and summarily dismissed the appeal.

2. Mandamus

The present order of this Court holds that mandamus is not available as a means of redress for the husband. I disagree. Mandamus is an extraordinary common law remedy that may be used to enforce an established legal right by compelling an official to perform a ministerial duty required by law.[1] A duty is ministerial "only to the extent that the respondent has no discretion over the matter."[2] The writ cannot be used to compel an official to exercise his or her discretion in any particular manner.[3] This rule concerning discretion applies only to that discretion which the law has vested in the official,[4] and such discretion is not boundless but rather is circumscribed by the established *953 law.[5] Where an official exceeds the bounds of the law, mandamus will lie to redress the wrong:
When discretion is given by law, but is arbitrarily or clearly erroneously exercised or abused by the official action ... such official action is subject to judicial review on mandamus, and redress may be had on such writ, where no other adequate legal remedy exists.
State ex rel. Pinellas Kennel Club, Inc. v. State Racing Comm'n, 116 Fla. 143, 143, 156 So. 317, 318 (1934).[6] Thus, while mandamus may not be used to dictate a particular result within a discretionary range, it may be used to compel an official to act within that range.
This Court has utilized mandamus vis-a-vis the district courts to compel the performance of various duties, including the following: To compel a district court to reinstate an appeal dismissed for lack of jurisdiction;[7] to compel a district court to reinstate an appeal dismissed for nonjurisdictional reasons;[8] to compel a district court to undertake specific action related to the dismissal of an appeal;[9] to compel a district court to refrain from acting beyond scope of its jurisdiction;[10] and to compel a district court to vacate a judgment rendered without jurisdiction.[11]

3. Gazil v. Gazil

Although the right to appeal is guaranteed by the Florida Constitution,[12] this Court in Gazil v. Gazil, 343 So.2d 595 (Fla.1977), explained that an appellate court may dismiss an appeal where the appellant has disobeyed a trial court order. The reason for this rule is that a party who is acting in defiance of judicial authority cannot reasonably expect to avail himself or herself of the benefits of that authority. The husband in Gazil had been held in contempt for failing to pay his obligations under a judgment of dissolution of marriage, and the district court dismissed the appeal. This Court quashed the district court order, ruling that Gazil first must be given an opportunity to purge the contempt order:

*954 [T]he rule in Florida is as follows: Where the appellant has disobeyed an order of the trial court, the appellate court may, in its discretion, either entertain or dismiss an appeal. However, where a dismissal is ordered it is mandatory that the disobedient appellant must be given a period of grace, prior to the effective date of the dismissal, in which to comply with the disobeyed order.
The order of the District Court of Appeal in the case sub judice conflicts with these decisions in that petitioner was not given an opportunity to purge himself so that he could be heard on the merits of the appeal.
If an appellant husband absconds, the situation would be quite different and there would be no need to allow a period of time within which he could purge himself and be heard on appeal. If the contempt is for nonpayment of money, he should be given an opportunity to purge himself so that he could be heard on the merits of the case.
Gazil, 343 So.2d at 597.
Gazil's ability to pay his obligations never was in issue; the trial court had made a finding that he was financially able to pay and he did not contest that finding. Although this Court did not address this matter in the majority opinion in Gazil, Justice Roberts referred to the issue in his specially concurring opinion:
In this case, it is noteworthy that the trial court faced the issue and made a finding of fact that the husband was able financially to pay the sums ordered and, in effect, that his failure to do so was in defiance of the trial court. For that reason, I concur with the decision in this case. We are not here concerned with the case where the husband is, after due diligence, unable to make the payments ordered because of his indigency. In such an event, to deny him his right to appeal would, in my opinion, be a deprivation of a constitutional right under both the Constitution of Florida and the Constitution of the United States.
Gazil, 343 So.2d at 597-98 (Roberts, J., concurring specially).

4. The Present Case

In the present case, the district court sought to comply with our holding in Gazil by giving Kobayashi twenty days in which to purge the contempt by paying the amount in issue. The court, however, left unresolved the very issue that Kobayashi sought to appeal and that formed the basis for the contempt, i.e., the trial court's finding of his ability to pay. The district court's order of March 13, 1998, stated in full:
Upon consideration of appellee's motion to dismiss the within appeal and the appellant's reply to the motion, it is ordered that the appellant Hiroaki Kobayashi pay within twenty (20) days of the date of this order the entire arrearage due and owing under the circuit court order entered January 2, 1998, or the within appeal will stand dismissed.
It is so ordered.
Kobayashi v. Kobayashi, No. 97-3245 (Fla. 3rd DCA Mar. 13, 1998) (unpublished order).
Unlike the situation in Gazil where ability to pay was not an issue, Kobayashi's ability to pay the arrearage was very much in dispute in the proceeding below; he claimed that he is financially unable to pay $138,560. Although the trial court in its contempt order specifically found that Kobayashi has the ability to pay,[13] his appeal challenges the evidentiary support for that finding.
Nothing in the present record shows that the district court reviewed the trial *955 court's finding of ability to pay prior to dismissing the appeal. The district court's order reads simply:
Upon consideration, appellant's motion for reconsideration of this Court's order of March 13, 1998, is hereby denied, and this non-final appeal from the Circuit Court for Dade County, Florida, is hereby dismissed.
Kobayashi v. Kobayashi, No. 97-3245 (Fla. 3rd DCA Apr. 12, 1998) (unpublished order). Rather than reviewing the evidentiary basis for the finding, the district court appears to have focused only on our holding in Gazil, which affirmed an appellate court's discretion to dismiss an appeal for trial level contempt (subject to a grace period) but did not address ability to pay.
An appellate court's decision to dismiss an appeal due to the appellant's failure to obey a trial court order is discretionary and thus is beyond the scope of mandamus review.[14] However, prior to dismissing an appeal based on an order to pay a financial obligation, an appellate court is duty-bound to review the trial court's finding of ability to pay when that finding is challenged. Justice Roberts addressed this point in his specially concurring opinion in Gazil:
Before dismissing for failure to comply, it is necessary that the trial court make a specific finding that the appellant is able to pay and deliberately refuses to pay[,] which Order is reviewable by the reviewing court on any motion to dismiss appeal for such failure.

Gazil, 343 So.2d at 598 (Roberts, J., concurring specially) (emphasis added). To rule otherwise (as the present majority opinion does) places appellants like Kobayashi in an untenable position: If the appellant can pay to purge the contempt, his ability to pay the arrearage will be reviewed; if the appellant cannot pay to purge the contempt, his ability to pay the arrearage will not be reviewed.
This Court addressed a similar situation in Quigley v. Butterworth, 708 So.2d 270 (Fla.1998), wherein Quigley challenged the constitutionality of chapter 96-106, Laws of Florida (governing the payment of costs by indigent defendants), and the trial court dismissed the complaint for failure to state a cause of action. On appeal, Quigley filed a motion to proceed in forma pauperis; the district court transferred that motion to the trial court; and the trial court denied the motion. The district court then ordered Quigley to pay costs or his appeal would be dismissed. Quigley instead asked the district court to review the trial court's order denying him indigency status. The court refused and dismissed his appeal. This Court on mandamus review unanimously directed the district court to perform its duty: "We find that this cause needs to be transferred to the district court for consideration of the denial of indigency status." Quigley, 708 So.2d at 271.
The present case presents a similar issue, i.e., ability to pay, and should be disposed of in a similar fashion. As in Quigley, this case should be transferred to the district court so that court can review the trial court's finding concerning appellant's ability to pay. If the motion to dismiss and related documents show conclusively that there is no viable issue concerning Kobayashi's ability to pay, the district court in its discretion may dismiss the appeal. Otherwise, the district court must hear the appeal.

5. Conclusion

The district court was correct in relying on Gazil, but I agree with Justice Roberts' admonition in his specially concurring opinion in that case. Before an appellate court can dismiss an appeal for failure to pay a financial obligation, two simple criteria should be met in addition to the granting of a grace period: First, the trial court should expressly find that the appellant has the ability to pay; and second, the appellate court should review that finding. *956 In the present case, there is no indication that the district court fulfilled the latter obligation.
In point of fact, the record support for the trial court's order concerning Kobayashi's ability to pay is dubious. The evidence consists of only the wife's averments, and yet she stated at the hearing on the contempt motion that she knows nothing about the husband's assets or income:
THE COURT: Are you aware of any property that Mr. Kobayashi owns?
THE WITNESS: I have no idea.
. . . .
MR. BUCHBINDER: I believe the question was, "Can you identify any source of moneys that Mr. Kobayashi has to pay the amount of money that is presently unpaid?"
THE COURT: I will allow her to answer. Go ahead.
A. I do not know anything about Japan.
. . . .
Q. [By Mr. Buchbinder] Does that mean you do not know if he has the moneys in the United States or anywhere else?
A. Japan. He does not have anything in the States that I am aware of.
The husband, on the other hand, submitted an affidavit wherein he stated that his sole source of income during his marriage was from his business, Taiko Co., which is now defunct. He swore in the affidavit: "I am presently not receiving any income from Taiko and have not received any income from any other source since November 1996.... I have no income and no liquid assets." He further averred: "[O]ver the last several months, I have supported myself in part from loans given to me by my mother."
This record evidence, which is cited in Kobayashi's pleadings before the district court, is sufficient in my opinion to raise a viable issue concerning his ability to pay $138,560. Mr. Kobayashi's right to appeal, which is guaranteed by article V, section 4, Florida Constitution, should not be barred by the very finding he seeks to appeal.
ANSTEAD, J., concurs.
PARIENTE, J., dissenting.
I agree with Justice Shaw that we should exercise our mandamus jurisdiction in this case. The result of the Third District's order of dismissal and this Court's dismissal of the petition is to place a litigant such as Hiroaki Kobayashi in a Catch-22 position. Kobayashi appealed the contempt order claiming that he lacks the ability to pay, but then the court dismissed his appeal unless he complied with the very order he was appealing. Appellants who have a good-faith appeal of the ability-to-pay issue must be provided with the opportunity for appellate review.
I also suggest an alternative procedure for appellate courts to follow when faced with cases where the order that the appellant has not complied with is the very order appealed. Under this alternative procedure, the appellant would first be required to file in the trial court a motion to stay pending review pursuant to Florida Rule of Appellate Procedure 9.310, setting forth specifically why the appellant is unable to comply with the underlying order. If the trial court denies the motion to stay, the appellate court would thereafter review the trial court's denial. See Fla. R.App. P. 9.310(f). At this stage of the proceedings, the appellant could set forth a good-cause explanation, along with any supporting documentation, as to his or her inability to comply with the underlying order.
This alternative procedure would comport with the spirit of Gazil v. Gazil, 343 So.2d 595 (Fla.1977), while also providing the opportunity for appellate review to those appellants who have a good-faith basis for appealing the ability-to-comply finding. These dual goals can likewise be met in cases in which the appellant fails to file a motion to stay. When no motion to *957 stay is filed, appellate courts should be able to examine the appellant's response to the motion to dismiss the appeal to determine whether the appellant has established a preliminary basis for challenging the contempt order on the basis of inability to comply. If the appellant fails to demonstrate even a preliminary basis for challenging the trial court's contempt order, the motion to dismiss should be granted. Otherwise, the appeal should proceed on the merits, and the appeal should be expedited where necessary to protect the interests of the appellee in obtaining compliance with the underlying contempt.
NOTES
[1] See, e.g., Fasenmyer v. Wainwright, 230 So.2d 129 (Fla.1969).
[2] Gerald Kogan & Robert Craig Waters, The Operation and Jurisdiction of the Florida Supreme Court, 18 Nova L.R. 1151, 1250 (1994).
[3] See, e.g., City of Miami Beach v. Mr. Samuel's, Inc., 351 So.2d 719 (Fla.1977).
[4] See Moore v. Florida Parole & Probation Comm'n, 289 So.2d 719 (Fla.1974).
[5] Id.
[6] See also State ex rel. Roberts v. Knox, 153 Fla. 165, 171, 14 So.2d 262, 264 (1943) ("The arbitrary or capricious exercise of discretion conferred by law on an officer can or may be regulated by mandamus.").
[7] See, e.g., Pino v. District Court of Appeal, 604 So.2d 1232 (Fla.1992); Sky Lake Gardens Recreation, Inc. v. District Court of Appeal, 511 So.2d 293 (Fla.1987).
[8] See, e.g., McFadden v. Fourth District Court of Appeal, 682 So.2d 1068 (Fla.1996) (compelling reinstatement of an appeal dismissed for failure to obtain an order of indigency from the trial court); Caldwell v. Estate of McDowell, 507 So.2d 607 (Fla.1987) (requiring reinstatement of an appeal dismissed for failure to provide an order of insolvency); Jellen v. District Court of Appeal, 488 So.2d 825 (Fla. 1986) (compelling reinstatement of an appeal dismissed due to the alleged waiver of the right to appeal venue); see also Davidson v. District Court of Appeal, 501 So.2d 603 (Fla. 1987) (entertaining a mandamus petition seeking reinstatement of an appeal dismissed for failure to comply with a trial court order and dismissing petition on the merits).
[9] See, e.g., Quigley v. Butterworth, 708 So.2d 270 (Fla.1998) (transferring the case to the district court and directing that court to review the trial court's order denying indigency status); Walsh v. District Court of Appeal, 621 So.2d 1025 (Fla.1993) (unelaborated reinstatement of appeal via mandamus); In re Estate of Laflin, 569 So.2d 1273 (Fla.1990) (holding that the district court cannot dismiss a case simply because the petitioner failed to use the proper label for appellate review); Florida Water & Utilities Co. v. Hubbart, 415 So.2d 1276 (Fla.1982) (unelaborated issuance of writ compelling the district court to withdraw an opinion).
[10] See, e.g., State v. Fourth District Court of Appeal, 697 So.2d 70 (Fla.1997) (requiring the district court to transfer the case to this Court).
[11] See, e.g., State Farm Mut. Auto. Ins. Co. v. Judges of District Court of Appeal, 405 So.2d 980 (Fla.1981) (compelling the district court to vacate a decision rendered pursuant to an untimely motion for rehearing that was filed after the term of district court had ended).
[12] See art. V, Fla. Const.
[13] The trial court's order stated in part: "[T]he court having heard argument of counsel, having heard testimony of the parties and being otherwise duly advised in the premises, finds ... that at all times material hereto the Respondent has had the ability to pay his support as ordered by the court as it came due." Kobayashi v. Kobayashi, No. 96-16611 FC (19), unpublished order at 1 (Fla. 11th Cir.Ct. Jan. 2, 1998).
[14] See generally Gazil.