826 So.2d 265 (2002)
Charles Terry TYSON, Petitioner,
v.
THE FLORIDA BAR, Respondent.
No. SC01-2179.
Supreme Court of Florida.
September 5, 2002.
*266 Charles T. Tyson, pro se, Sanderson, FL, for Petitioner.
No Appearance, for Respondent.
PER CURIAM.
Petitioner Charles Terry Tyson petitions this Court for a writ of mandamus commanding The Florida Bar to reopen its investigation into alleged prosecutorial misconduct by an assistant state attorney for the Fourth Judicial Circuit of Florida. Because petitioner cannot demonstrate that the Bar has failed to perform some duty which he has a clear legal right to have performed, this Court has no jurisdiction to issue the writ and we therefore dismiss the petition. See Kobayashi v. Kobayashi, 777 So.2d 951, 951 (Fla.2000) (dismissing petition for writ of mandamus based on the conclusion that "this Court has no jurisdiction to issue the writ" where the petition does not demonstrate the requisite failure by a state officer or agent to perform a particular duty imposed upon it by law that the petitioner has a clear legal right to have performed).
Petitioner alleges that he filed a letter complaint with the Bar asserting that the assistant state attorney engaged in prosecutorial misconduct, in the context of the criminal prosecution that resulted in petitioner's current incarceration in the state prison system, by withholding relevant police reports from the defense, despite defense requests for these materials during discovery, and by presenting perjured testimony by a law enforcement witness for the State. Petitioner indicates that the Bar opened a disciplinary file following its preliminary review of his complaint. See R. Regulating Fla. Bar 3-7.3(a) ("Prior to opening a disciplinary file, bar counsel shall review the inquiry made and determine *267 whether the alleged conduct, if proven, would constitute a violation of the Rules Regulating The Florida Bar warranting the imposition of discipline."); R. Regulating Fla. Bar 3-7.3(b) ("If bar counsel decides to pursue an inquiry, a disciplinary file shall be opened and the inquiry shall be considered as a complaint, if the form requirement of subdivision (c) is met.").
Petitioner alleges that, after opening the disciplinary file, the Bar conducted an independent investigation during which it both interviewed the attorney appointed by the court to represent petitioner in the context of his criminal proceedings, and obtained a response from the assistant state attorney wherein he denied the allegations made by petitioner. See R. Regulating Fla. Bar 3-7.3(b) ("Bar counsel shall investigate the allegations contained in the complaint."). Petitioner asserts that he subsequently received correspondence from bar counsel indicating that, after having reviewed all of petitioner's submissions, there appeared to be no basis for further action on petitioner's complaint by the Bar and advising petitioner that the file would therefore be closed. See R. Regulating Fla. Bar 3-7.3(d) ("Bar counsel may dismiss disciplinary cases if, after complete investigation, bar counsel determines that the facts show that the respondent did not violate the Rules Regulating The Florida Bar."). This letter from bar counsel, which petitioner attached as an exhibit to his petition in this Court, sets forth at length the reasons supporting bar counsel's determination that no further action was warranted. See R. Regulating Fla. Bar 3-7.3(d) ("If a disciplinary case is dismissed, the complainant shall be notified of the dismissal and shall be given the reasons therefor.").
Petitioner alleges that he thereafter unsuccessfully sought informal review of bar counsel's decision to close the disciplinary file within the hierarchical personnel structure of the Bar.[1] Petitioner alleges in his petition that he received correspondence from bar counsel's superiors at the Bar, which he attached as exhibits to his petition in this Court, informing him that the disciplinary file had been independently reviewed by these individuals and that they concurred with the decision by bar counsel to close the file and pursue no further action. At that point, petitioner initiated these proceedings requesting this Court to independently review his complaint against the assistant state attorney and issue a writ of mandamus commanding The Florida Bar to reopen its investigation into the allegations that this attorney engaged in unethical conduct during the course of petitioner's criminal trial.
"This Court routinely receives inquiries from individuals who are unhappy with the Bar's handling of their complaint against an attorney." Amendments to the Rules Regulating the Florida Bar, 763 So.2d 1002, 1003 (Fla.2000). The role of the complaining witness in a bar disciplinary proceeding, however, is somewhat analogous to that of the victim in a criminal proceeding and, like crime victims, complaining witnesses cannot demand that the prosecuting authority file criminal charges against a particular individual based on alleged criminal behavior. See State v. Cotton, 769 So.2d 345, 350 (Fla. 2000) ("[A]bsent a compelling equal protection *268 argument, the exercise of such prosecutorial discretion is not generally subject to judicial review."); see also Bd. of Regents v. Taborsky, 648 So.2d 748, 754 (Fla. 2d DCA 1994) (reiterating the well-established principle that crime victims are not parties to criminal actions and "must channel any requests as victim[s] through the state attorney's office").
As we explained over forty years ago in In re Harper, 84 So.2d 700, 702 (Fla.1956), the purpose of an attorney disciplinary proceeding is the protection of the public, not the vindication of private rights: "Disciplinary proceedings against attorneys are instituted in the public interest and to preserve the purity of the courts. No private rights except those of the accused attorney are involved."
Accordingly, petitioner had no clear legal right to have the Bar proceed with disciplinary charges against the assistant state attorney and therefore is not entitled to the mandamus relief he seeks. See Huffman v. State, 813 So.2d 10, 11 (Fla. 2000) ("In order to be entitled to a writ of mandamus the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal duty to perform the requested action, and the petitioner must have no other adequate remedy available."); see also Migliore v. City of Lauderhill, 415 So.2d 62, 63 (Fla. 4th DCA 1982) ("It has long been established that mandamus lies to compel the performance of a specific imperative ministerial duty. It is not an appropriate vehicle for review of a merely erroneous decision nor is it proper to mandate the doing (or undoing) of a discretionary act."), approved, 431 So.2d 986 (Fla. 1983). Petitioner's petition for writ of mandamus is therefore dismissed.
It is so ordered.
ANSTEAD, C.J., and SHAW, WELLS, PARIENTE, LEWIS, and QUINCE, JJ., and HARDING, Senior Justice, concur.
NOTES
[1] Although petitioner initiated this informal review process by filing with the Bar a document entitled "Board of Govenor [sic]Notice of Appeal," he was only entitled to the informal review procedure employed by the Bar in this case because he was never a party to the disciplinary proceeding he initiated with his letter complaint. See R. Regulating Fla. Bar 3-7.4(i); R. Regulating Fla. Bar 3-7.6(j).