[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-14842
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-20745-CMA

CHRISTIAN CACCIAMANI,
NORA ACEVEDO CACCIAMANI,
his wife,

Plaintiffs-Appellants,

versus

TARGET CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 14, 2015)

Before HULL, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

In this premises liability action, plaintiff Christian Cacciamani ("Cacciamani")[1] claims he was injured by the negligence of defendant Target Corporation. While shopping at a Target store, Cacciamani walked into a metal clothing rack and struck his right eye. The district court granted summary judgment to Target. On appeal, Cacciamani argues the district court erred in rejecting the theory of negligence he raised in response to Target's motion for summary judgment: that defendant Target engaged in a negligent "mode of operation," causing his injury. After careful review, we affirm the district court's order granting summary judgment.

## I.  BACKGROUND

### A.    The November 2011 Incident

On November 1, 2011, plaintiff Cacciamani entered a Target store in South Florida.[2] He was familiar with the store and its layout from multiple prior visits. After selecting items for purchase, plaintiff Cacciamani walked down the center aisle of the store and then turned, proceeding down an aisle perpendicular to the center aisle. This aisle, where the incident occurred, was approximately ten feet wide, well-lit, and covered with a vinyl flooring.

---

[1]Christian Cacciamani's wife, Nora Cacciamani, is also a plaintiff in this action, asserting a derivative loss of consortium claim. For ease of reference, and because all the relevant facts of the incident involve only plaintiff Christian Cacciamani, we refer to him as "plaintiff Cacciamani" throughout.

[2]We recite the facts in the light most favorable to the non-moving party, here plaintiff Cacciamani.

Plaintiff Cacciamani took approximately twelve to fifteen steps after turning before he walked into the arm of a four-wheeled, metal clothing rack. Cacciamani stated that he was not distracted by anything prior to this incident and that nothing obstructed his vision as he walked down the aisle. Cacciamani further stated: (1) that he did not notice the clothing rack before walking into it; (2) that the arm of the clothing rack had no clothing or hangers on it at the time; and (3) that the arm of the rack extended from a carpeted shopping area into the vinyl-floored aisle. The four wheels of the clothing rack were all on the carpeted area.

Walking into the clothing rack, plaintiff Cacciamani struck the arm of the rack with his right eye. He fell backwards, landing on his back, bumping his head, and dropping his items for purchase. Though "dazed," Cacciamani's only immediate concern was with his right eye, out of which he could not then see.

Immediately after the incident, plaintiff Cacciamani was assisted by Target employees. These employees first escorted Cacciamani to customer service, where he was given ice and eye drops for his eye. They then returned with Cacciamani to the location of the clothing rack. An employee filed a Guest Incident Report recounting plaintiff Cacciamani's version of events. Further, that employee photographed the clothing rack in question. Both employees who were deposed stated that the clothing rack was not protruding into the aisle in an irregular fashion.

3

Plaintiff Cacciamani stated that the vision in his right eye was blurry immediately after the incident.  He drove himself home, but later that day saw the first of several doctors.  At the time of his deposition in this case, plaintiff Cacciamani associated the following ongoing health problems with the November 2011 incident: limited vision loss in his right eye, light sensitivity, a visible "floater" in his right eye that appears as the number eight, persistent headaches, and the onset of seizures (for which he is now medicated) after the event.

## B.    The Complaint

On July 25, 2012, Plaintiff Cacciamani filed a negligence action in state court.  On November 13, 2012, that case was removed to the United States District Court for the Southern District of Florida on the basis of diversity of citizenship.[3]  On December 26, 2013, the parties filed a stipulation of voluntary dismissal and, on December 27, 2013, the district court entered an order dismissing the case without prejudice.

On February 28, 2014, plaintiff Cacciamani then re-filed the underlying action in the district court.  The complaint alleged that Target breached its duty of reasonable care to plaintiff by allowing a dangerous condition to exist and in failing to warn customers about it.  Specifically, the complaint alleged:

[Target] allowed a dangerous condition to exist on its premises,

---

[3]See 28 U.S.C. § 1332.  Plaintiff Cacciamani is a citizen of Florida; defendant Target is a Minnesota corporation with its principal place of business in Minnesota.

4

including, but not limited to, a metal clothing rack/rod that had been misplaced and/or was protruding into the aisle and/or was left in a dangerous condition in that the product was not pushed to the end of the rack so that the skinny rod protruding into the walkway would be more noticeable causing Plaintiff, CHRISTIAN CACCIAMANI, to walk into this hidden protruding metal rod with his eye and then this trauma caused him to fall to the ground and sustain serious injuries.

Further, the complaint stated that defendant Target "either knew or should have known" of this "dangerous condition," yet was "negligent [in] failing to correct or warn of this condition."[4]

## C.    District Court Proceedings

On March 20, 2014, defendant Target filed its answer, denying all relevant allegations and asserting as affirmative defenses that: (1) plaintiff Cacciamani caused his own injury; and (2) the condition referred to in the complaint was an "open and obvious condition for which no warning was required under Florida law" (emphasis added).  By district court order dated April 11, 2014, all motions to amend pleadings were to be filed by May 15, 2014.  Discovery followed.

On August 8, 2014, defendant Target filed a Motion for Final Summary Judgment and Incorporated Memorandum of Law.  Target argued that "no genuine issue of material fact exists which could establish that Target breached any duties owed to Plaintiffs or that Target had actual or constructive notice of the allegedly 'dangerous condition' presented."  Target also argued that the condition presented

---

[4]A claim for loss of consortium was also brought on behalf of Mrs. Cacciamani.

"was so open and obvious that, as a matter of law, it cannot be found to have constituted a dangerous condition."

In response, plaintiff Cacciamani did not argue that defendant Target had actual or constructive notice of the allegedly dangerous condition he was asserting. Plaintiff Cacciamani did not respond to defendant Target's argument that the clothing rack was so open and obvious it could not constitute a dangerous condition.

Rather, Cacciamani argued, for the first time, that disputed questions of fact existed regarding Target's possible negligence "under the 'Mode of Operation' theory."

In reply, defendant Target argued: (1) that plaintiff Cacciamani had improperly raised a new theory of negligence for the first time in his responsive brief; and (2) that, even if such a claim could be asserted, Cacciamani's "mode of operation" theory was meritless because he had not identified any specific negligent mode of operation instituted by Target.

In a September 25, 2014 order, the district court granted defendant Target's motion for summary judgment. The district court reasoned: (1) that plaintiff Cacciamani's "unambiguous allegations make clear [Cacciamani] did not assert a negligence claim based on a mode of operation theory"; (2) that Cacciamani "cannot rely on an un-plead[ed] claim to survive summary judgment"; and (3) that,

6

regardless, Cacciamani did not present "any evidence to suggest a reasonable finder of fact could conclude Target's mode of operation was negligent, and therefore, even if the claim had been properly pleaded, [Cacciamani] would not survive summary judgment on th[at] basis."

Plaintiff Cacciamani at no time sought to amend the complaint. He did not file any motions for reconsideration by the district court. Cacciamani did timely appeal the grant of summary judgment.

## II.  STANDARD OF REVIEW

This Court reviews a district court's grant of summary judgment de novo. Ellis v. England, 432 F.3d 1321, 1325 (11th Cir. 2005). Summary judgment shall be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a), (c). This court "view[s] all evidence and make[s] all reasonable inferences in favor of the party opposing summary judgment." Chapman v. AI Transport, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). "[T]he plain language of Rule 56 mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Jones v. UPS Ground

7

Freight, 683 F.3d 1283, 1292 (11th Cir. 2012) (quotation omitted and alterations adopted).

### III.  DISCUSSION

### A.    "Mode of Operation" Claim

We briefly explain the "mode of operation" theory to illustrate the distinction between what was pled and what was later argued before the district court.  The Florida Supreme Court explained the negligent mode of operation rule in the case of Markowitz v. Helen Homes of Kendall Corp., 826 So. 2d 256, 259, 260-61 (Fla. 2002).  The Markowitz Court explained that, "the basis for the negligent mode of operation theory is the claim that the specific mode of operation selected by the premises owner or operator resulted in the creation of a dangerous or unsafe condition."  Id. at 260.  The "rule looks to a business's choice of a particular mode of operation and not events surrounding the plaintiff's accident." Id. (quotation omitted).

On appeal, plaintiff Cacciamani argues that the district court erred by requiring Cacciamani to plead his "mode of operation" theory of negligence in his initial complaint.  Defendant Target argues that the district court was correct not to consider the "mode of operation" theory because it did not arise until plaintiff Cacciamani's response to Target's summary-judgment motion and thus Target had no notice of such a claim.

8

**B.     New Theory in Summary-Judgment Response**

The district court correctly held that Cacciamani's new responsive theory at the summary-judgment stage was too little, too late. It is the complaint that must give the defendant notice of what the plaintiff complains. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (stating that the purpose of Rule 8's liberal pleading guidelines is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." (ellipsis omitted)).

The complaint here undeniably did not assert a negligence claim based on a "mode of operation" theory. Quite clearly, the complaint asserted a negligence claim based on defendant Target "allow[ing] a dangerous condition to exist on its premises" and "failing to correct or warn of this condition" of which Target "either knew or should have known." Discovery proceeded on the basis of this allegation. So too did defendant Target's Motion for Summary Judgment. Only in response to that motion did plaintiff Cacciamani develop this alternate theory.

That was not the proper means by which to raise the new claim. "At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with [Federal Rule of Civil Procedure] 15(a). A plaintiff may not amend [his] complaint through argument in a brief opposing summary judgment." Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004). Plaintiff Cacciamani did not seek to amend his

9

complaint. As the district court noted, no additional relevant discovery materials were made available after the May 15, 2014 deadline to amend the complaint. Plaintiff Cacciamani did not attempt to show good cause for the delay in asserting the "mode of operation" theory.

In addition, the complaint failed to state a cause of action under "mode of operation." Cacciamani's complaint did not allege that Target had a specific policy or rule in place that created the dangerous condition. Rather, it stated that Target allowed a condition to exist and failed to warn customers of that condition. Plaintiff Cacciamani's complaint does not identify any specific negligent mode of operation instituted by defendant Target. Defendant Target thus was not on notice that plaintiff Cacciamani ever intended to raise the "mode of operation" theory in support of his negligence claim.

Accordingly, the district court correctly found that the "negligent mode of operation claim, raised for the first time in their response memorandum, [was] not properly before the Court and therefore c[ould n]ot be considered at th[at] stage." And plaintiff Cacciamani did not seek leave from the court to file a surreply when defendant Target argued that the "mode of operation" theory had not been properly pled.

## C.    Lack of Evidence

Even assuming arguendo that plaintiff Cacciamani had properly pled the "mode of operation" theory in his complaint, summary judgment was still properly granted here.  The theory is viable only where "the evidence establishes a specific negligent mode of operation such that the premises owner could reasonably anticipate that dangerous conditions would arise as a result of its mode of operation."  Owens v. Publix Supermarkets, Inc., 802 So. 2d 315, 332 (Fla. 2001).  Cacciamani has not identified such a "specific negligent mode of operation" nor supported such an allegation with evidence.  The closest plaintiff Cacciamani comes is to assert that a system of using wheeled clothing racks with arms that may be emptied of clothing constitutes such a dangerous condition.

Target responds with evidence that: (1) its actual policy, or mode of operation, is to instruct employees that hanging merchandise should regularly be pulled to the end of clothing rack arms; and (2) "[t]his scenario essentially describes every major retail store on pretty much any given day of the year."  The district court properly held that plaintiff Cacciamani could not survive summary judgment on the "mode of operation" claim in any event under the evidence in the record of this case.[5]

---

[5]On appeal, defendant Target separately argues that the open and obvious nature of the allegedly dangerous condition warrants the grant of summary judgment on all of plaintiff Cacciamani's claims.  We need not reach that issue.

11

## IV.  CONCLUSION

For the foregoing reasons, we affirm the district court's order granting summary judgment to defendant Target.[6]

**AFFIRMED.**

---

[6]Following the summary-judgment order, defendant Target filed a motion for costs and attorney's fees under Florida Statute § 768.79(1), based on Target's earlier offer of settlement. The district court stayed that motion pending the outcome of this appeal.  Defendant Target has separately filed a motion for appellate attorney's fees and costs with this Court.

We deny defendant Target's motion for attorney's fees before this Court.  Nothing herein should be construed as addressing the issue pending before the district court.