[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12386
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-20745-CMA

CHRISTIAN CACCIAMANI,
NORA ACEVEDO CACCIAMANI,
his wife,

Plaintiffs - Appellants,

versus

TARGET CORPORATION,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 21, 2016)

Before HULL, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

This case arises out of an accident Mr. Christian Cacciamani suffered while shopping at a Target store in Florida.  Mr. Cacciamani and his wife, Nora Cacciamani, now appeal the district court's award of attorney's fees to Target. Previously, the district court granted summary judgment on the merits in favor of Target.  The Cacciamanis appealed that decision, and this Court affirmed.  The district court then awarded Target its attorney's fees.  After review of the record and the parties' briefs, we affirm.

## I.    BACKGROUND

### A.    The Past Proceedings

On February 28, 2014, the Cacciamanis brought suit against Target.[1]  On September 25, 2014, the district court granted Target's Motion for Summary Judgment on all counts.  The Cacciamanis appealed, and, on July 14, 2015, this Court affirmed.  Cacciamani v. Target Corp., No. 14-14842, 622 F. App'x 800 (11th Cir. July 14, 2015) (unpublished).

During that first appeal, Target filed a motion for attorney's fees in this Court.  The motion asked only for attorney's fees for the litigation of the appeal. We denied that motion in a footnote in our opinion, stating, in full: "We deny defendant Target's motion for attorney's fees before this Court.  Nothing herein should be construed as addressing the issue pending before the district court."

---

[1]The Cacciamanis originally filed suit against Target on July 25, 2012, but, with Target's agreement, the case was voluntarily dismissed and refiled.

Cacciamani, 622 F. App'x at 805 n.6.  Target filed a similar motion for attorney's fees in the district court.

**B.    Florida Statute § 768.79**

To review the district court's award of attorney's fees, we first must outline the relevant Florida statute and then the settlement offers.

Florida Statute § 768.79 provides that a defendant, who makes an offer of judgment that the plaintiff rejects, "shall be entitled to recover reasonable costs and attorney's fees incurred" if the judgment in the case is one of no liability:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff's award.

Fla. Stat. § 768.79(1).  The statute further provides that, once a party is entitled to recover costs and attorney's fees under that section, a court may "determine that an offer was not made in good faith" and "may disallow an award of costs and attorney's fees" if the offer was not made in good faith.  Fla. Stat. § 768.79(7)(a).

At the time of the offer, "[t]he obligation of good faith merely insists that the offeror have some reasonable foundation on which to base an offer."  McMahan v.

3

Toto, 311 F.3d 1077, 1083 (11th Cir. 2002) (quotation marks omitted).  A lack of good faith "is the sole basis on which the court can disallow an entitlement to an award of fees."  TGI Friday's, Inc. v. Dvorak, 663 So. 2d 606, 612 (Fla. 1995).  "[T]he reasonableness of the rejection is irrelevant to the question of entitlement" to an award of attorney's fees and may only bear on the reasonableness of the amount of the award.  Id. at 613.

Florida Rule of Civil Procedure 1.442 provides, among other things, for the service, form, and content of a proposal for settlement, as well as for the court to determine the existence of good faith and the amount of reasonable fees.  See generally, Fla. R. Civ. P. 1.442.

## C.    Settlement Offers

On February 22, 2013, before this lawsuit was refiled, Target proposed a settlement to Mr. Cacciamani for the total amount of $44,000, pursuant to Florida Statute § 768.79 and Florida Rule of Civil Procedure 1.442.  The settlement agreement includes language stating that Mr. Cacciamani was not a Medicare beneficiary.  It provides, in relevant part:

> The Releasor, Christian Cacciamani, affirms that he is not currently a Medicare beneficiary and has never received any Medicare benefits arising out of or related to this claim.  The parties further acknowledge that the Releasor's representation about his Medicare beneficiary status is material and is a condition precedent to settling this claim….
>
> ….

4

> …[T]he parties agree that there is no risk of shifting future medical expenses to the Medicare program after the settlement of this claim because the Releasor, Christian Cacciamani, hereby acknowledges that no further medical treatment is needed, warranted or required with regard to any alleged injuries sustained or arising out of this accident, occurrence or claim.
>
> Taking into account the various factors of this claim including the Releasor's alleged injuries, claimed economic losses, and claimed pain and suffering, no portion of this settlement is allocated for future medical expenses and is therefore not a settlement contemplated by the Medicare Secondary Payer Act.
>
> ….
>
> …In addition, any future medical treatment relating to body parts allegedly injured, sustained or arising out of this accident, occurrence or claim, or expenses incurred by the Releasor for like or similar injuries, are the sole responsibility of the Releasor.

Because Medicare can seek to recoup its medical payments, insurers often want to know that Medicare will not be an issue later.

On February 22, 2013, Target also served a separate settlement proposal to Mrs. Cacciamani for the amount of $1,000. This proposal contains language regarding confidentiality of the agreement before listing the monetary terms of the agreement:

> Plaintiff and her counsel must agree to maintain the confidentiality of the settlement terms.
> TOTAL AMOUNT OF PROPOSAL:
> One Thousand Dollars ($1,000)
> AMOUNT ATTRIBUTED TO PUNITIVE DAMAGES:
> None.
> PROVISIONS FOR ATTORNEY FEES:
> Included in settlement amount.

**D.     District Court Orders**

On February 25, 2016, the district court granted Target's Motion for Attorney's Fees.  Mr. Cacciamani argued that the release within his proposed settlement was void against public policy or tantamount to fraud.  The district court rejected that argument because Mr. Cacciamani provided no explanation for his position.  The district court concluded that Target's offer was "made before the parties had a full understanding of the nature and scope of the damages" and was made in good faith.

Mrs. Cacciamani argued that the confidentiality clause in her proposed settlement is ambiguous and that therefore it was reasonable for her to reject the offer.  The district court disagreed because the terms of the settlement are straightforward and appear immediately following the confidentiality language.  The district court also concluded that this Court's denial of a similar motion for attorney's fees did not require the district court to do the same.

After considering the statutory factors for determining a reasonable amount of attorney's fees, the district court awarded Target $76,401.50 in attorney's fees and the additional amounts of $13,691.49 and $8,995.57 for costs incurred.

The Cacciamanis filed a motion for reconsideration of the award of attorney's fees and costs, which the district court denied.   The Cacciamanis argued that agreeing in the release that "no further medical treatment is needed" amounted

6

to fraud and thus the proposed settlement required Mr. Cacciamani to commit fraud and was not made in good faith.  The district court disagreed because (1) whether an offer is made in good faith is judged based on the information known to the offeror (Target) at the time the offer is made and (2) Target was not made aware of Mr. Cacciamani's ongoing medical care until during discovery, more than a year after Target made the settlement offer.  The district court thus concluded that it had not erred in finding that Target offered the proposed settlement in good faith based on the information available to it at the time.

With respect to Mrs. Cacciamani, the district court found that she did not raise any new facts or arguments in her motion for reconsideration and declined to consider new arguments and cases she presented only in her reply supporting her motion.  The district court reiterated that this Court was clear in its opinion that the district court need not follow our ruling in denying the motion for attorney's fees. The district court denied the motion for reconsideration.  The Cacciamanis' appeal followed.

## II.    DISCUSSION

### A.    The Law of the Case Doctrine

The Cacciamanis argue that this Court's prior opinion bars Target from receiving attorney's fees.  This argument is frivolous.  The district court correctly

concluded that this Court's prior opinion did not have any binding effect on its adjudication of Target's motion for attorney's fees.

We certainly recognize that "[t]he law of the case doctrine bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case." United States v. Jordan, 429 F.3d 1032, 1035 (11th Cir. 2005).[2] "Under the 'law of the case' doctrine, the findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." Transamerica Leasing, Inc. v. Inst. of London Underwriters, 430 F.3d 1326, 1331 (11th Cir. 2005) (quotation marks omitted). The mandate rule is a specific application of the law of the case doctrine and dictates that a trial court receiving the mandate of an appellate court "must enter an order in strict compliance with the mandate" and is bound to follow the appellate court's express and implied holdings, although it may address issues not disposed of on appeal. Id. (quotation marks omitted).

Here, our previous opinion explicitly stated that we did not address the issue of attorney's fees. We made no findings of fact or conclusions of law and did not decide that issue. Given the express language in our opinion, the law of the case doctrine and the mandate rule do not bar Target's motion for attorney's fees in the

---

[2]We review de novo a district court's application of the law of the case doctrine. Transamerica Leasing, Inc. v. Inst. of London Underwriters, 430 F.3d 1326, 1331 (11th Cir. 2005).

district court.  If anything, the law of this case is that the district court was free to address the issue on its own.

## B.    Mr. Cacciamani's Settlement Offer

With respect to Mr. Cacciamani, the district court properly examined only whether Target made its settlement offer in good faith and not whether it was reasonable for Mr. Cacciamani to reject the offer.[3]

We agree with the district court that Mr. Cacciamani has not met his "burden to prove that the offeror acted in bad faith."  Mr. Cacciamani points to no evidence showing that Target knew, at the time it made the offer, that the statement "no further medical treatment is needed" was incorrect.  Indeed, the only evidence Mr. Cacciamani points to indicating that Target knew about his ongoing medical treatment was a response to interrogatories from June 2014, over a year after the settlement offer was made.

It may have been reasonable for Mr. Cacciamani to reject the settlement offer and to refuse to stipulate that he would no longer need medical care because he knew he would need continuing care.  That, however, is not the relevant inquiry.  Instead, we look to whether Target acted in good faith and had a reasonable foundation to make the offer.  Target's offer was for $44,000, a far

---

[3]"We review only for clear error the district court's finding that [the offeror] acted in good faith," and the offeree has the burden to prove that the offeror acted in bad faith.  McMahan v. Toto, 311 F.3d 1077, 1083 (11th Cir. 2002) (reviewing an award of attorney's fees under § 768.79 and Florida Rule of Civil Procedure 1.442).

from nominal sum, and a significant amount in light of the fact that Target was found not liable.  Target did not find out about Mr. Cacciamani's ongoing medical treatment until over a year later.  In light of these circumstances, and without any contrary evidence, we cannot say that the district court clearly erred in finding that Target acted in good faith and is entitled to an award of attorney's fees under Florida's "shall" rule in § 768.79.

## C.    Mrs. Cacciamani's Settlement Offer

With respect to the offer to Mrs. Cacciamani, the issue is whether the confidentiality provision is impermissibly ambiguous.  We agree with the district court that it is not.[4]  Rule 1.442 requires a proposal for settlement to "state with particularity any relevant conditions" and "state with particularity all nonmonetary terms of the proposal."  Fla. R. Civ. P. 1.442(c)(2)(C)-(D).  A settlement proposal must "be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification" or else it is ambiguous and unenforceable. Alamo Fin., L.P. v. Mazoff, 112 So. 3d 626, 629-30 (Fla. Dist. Ct. App. 2013).

The confidentiality provision in the proposed settlement to Mrs. Cacciamani is not impermissibly vague.  It indicates who is bound by the provision--Mrs. Cacciamani and her attorney--and it is immediately followed by the key monetary terms of the agreement.   Clearly, the agreement would require Mrs. Cacciamani

---

[4]We review de novo a district court's construction of a settlement agreement. Waters v. Int'l Precious Metals Corp., 237 F.3d 1273, 1277 (11th Cir. 2001).

and her counsel to keep confidential the amount of the settlement as well as the terms of the release incorporated therein.  The district court correctly concluded that the confidentiality provision is straightforward.  The entire proposal and attached release are only a few pages long and the terms are limited.  It is unclear what greater specification would be necessary for Mrs. Cacciamani to make an informed decision.  The confidentiality provision is unambiguous, and Target's proposed settlement agreement satisfies the requirements of Rule 1.442(c)(2)(C)-(D).  Mrs. Cacciamani has shown no error in the district court's ruling in this regard.

## III.   CONCLUSION

For the foregoing reasons, we must affirm the district court's ruling that Target is entitled to an award of attorney's fees under § 768.79 in a total amount to be determined by the district court.

**AFFIRMED.**

11